David Levy, J.
This is an action against a new car dealer and the manufacturer to recover the purchase price of a new automobile.
In August of 1972 plaintiff purchased a 1973 Chrysler Imperial automobile from defendant, Fordham Chrysler Plymouth Inc. (hereinafter sometimes called "dealer”), for the sum of $7,694.18 (including finance charges the bill was $7,694.18). The car was delivered on October 18, 1972. Together with the car plaintiff received an express warranty from defendant, Chrysler Corp., that it would replace or repair any part of the vehicle found defective in material or workmanship for a period of 12 months or 12,000 miles. The warranty expressly *567 stated that it was in lieu of any other warranties or conditions, including the implied warranty of merchantability.
Plaintiff contends that on the very next day the car would not start and after trying five or six times finally started it only to find that the motor cut out. After a week he went to the dealer who suggested he wait until 300 to 500 miles. He stated that the car still would not start. On November 11, 1972, he could not start the car and the motor would not turn over. He therefore purchased a new battery. He still had trouble starting after that and about two days later went to the dealer. Again on February 5, 1973 he went to the dealer and told him the car was hard starting. It is conceded that a new electronic control was put in at that time. Again on February 20, 1973 he complained of hard starting. On April 2, 1973 his carburator was overhauled by the dealer. During this period he had another new battery placed in the car and had his car towed several times to the dealer.
On April 11, 1973 this action was instituted. On May 7, 1973 the dealer replaced plaintiffs carburator. Finally, on July 12, 1973 plaintiff again took the car to the dealer and told him it was hard starting and left the car with the dealer.
On each of the above occasions the dealer agreed that the car was hard starting when the plaintiff brought it in, but stated that it was running well after the repairs, including after July 12, 1973. Several times, in addition to the repairs, the battery had to be charged and once replaced in order to get the car to run.
Sometime between July 12, 1973 and August 14, 1973 plaintiff removed the license plates from the car which was on the dealer’s lot and on August 14, 1973 surrendered them. No demand for return of the purchase price was ever made except as contained in the complaint.
The complaint alleges a cause of action against defendant Chrysler Corp. in negligence in the amount of $7,963.94 in the manufacture, sale and distribution of a 1973 Chrysler Imperial automobile in that this was done negligently, carelessly and said car was in a dangerous, defective and unsafe condition.
The court finds that plaintiff has not sustained his burden of proof by a fair preponderance of the credible evidence that defendant, Chrysler Corp. was negligent.
Assuming plaintiff has attempted to prove a cause of action *568 for breach of the warranty of merchantability against defendant, Chrysler Corp., there are several difficulties. First, the express warranty by Chrysler clearly negates the implied warranty, as permitted by section 2-316 of the Uniform Commercial Code. Secondly, Chrysler did not sell the car to plaintiff and it is difficult to see how an action for the purchase price would lie against Chrysler, since the underlying cause of action is based upon rescission. (Carlson v Shepard Pontiac, 63 Misc 2d 994.) Even assuming, that the negation of the warranty might be unconscionable under section 2-302 of the Uniform Commercial Code (although no testimony was taken on this issue as required by statute) and that a cause of action would lie against Chrysler Corp., the plaintiff has failed to prove any measure of damages against said defendant at all and no recovery could possibly be had under those circumstances.
Accordingly, the court dismisses the second cause of action against Chrysler Corp., with prejudice.
The first cause of action against defendant, Fordham Chrysler Plymouth, Inc., is for breach of an implied warranty of merchantability and requests recovery of the purchase price.
The first difficulty with plaintiff’s case is that the only testimony of any defect in the car was that of plaintiff, a layman, who testified that on many occasions his car was "hard starting” and that the motor would "cut out.” No testimony of any mechanic was ever presented by plaintiff to show what, if any, was the defect. On the other hand, the dealer had a mechanic testify, who actually worked on the car, who stated that each time he repaired or replaced a part, the car was in operating condition.
Upon discovery by plaintiff that there was a defect that substantially impaired the value of the car he had several remedies under the Uniform Commercial Code. First, in order to recover the purchase price, he could have revoked his acceptance within a reasonable time after discovering the defect and notified the seller of it. (Uniform Commercial Code, § 2-608.) If that was done then he would have had to make a complete tender of ownership so that defendant could have sold the car if it chose. (Uniform Commercial Code, § 2-602.) (Assuming the defect substantially impaired the value of the car.) Any exercise of ownership by the buyer after such a tender would have been wrongful against the seller. (Uniform Commercial Code, § 2-602.) Nevertheless, although a revoca *569 tion of acceptance can be spelled out from the complaint, plaintiff testified that he left the car at the dealer’s lot, removed the plates and surrendered them. Obviously, he did not present the transfer stub to the dealer, nor is there any testimony that he tendered the certificate of title. Under the circumstances the purchaser (plaintiff) was relegated to his second remedy under section 2-711 of the Uniform Commercial Code. Here, after revocation of acceptance he could have sold the car, since he retained the ownership and obtained damages amounting to the difference between the proceeds of the sale and the purchase price. Plaintiff chose not to sell the car, although he retained title to it. Almost two years have elapsed since he left the car at the dealer’s lot. Assuming plaintiff desired recovery under this provision there was absolutely no proof of damages.
Thirdly, plaintiff could have retained the car and sued for damages (Uniform Commercial Code, § 2-714), i.e. the difference at the time and place of acceptance between the value of the car accepted and the value the car would have had if it had been as warranted. Since no proof was offered on this theory this claim must also fail.
Accordingly, under all the circumstances the court finds that plaintiff has failed to sustain his burden of proof by a fair preponderance of all the credible evidence that he should recover damages under the applicable provisions of the Uniform Commercial Code. Therefore, the court awards judgment dismissing the complaint on the first cause of action, with prejudice.