OPINION OF THE COURT
Memorandum.
The order of the County Court should be affirmed.
The defendant was convicted for intentionally misrepresenting the actual mileage of an automobile sold from its used car lot in violation of section 392-e of the General Business Law. *681 It is a misdemeanor under this statute to sell a vehicle when the odometer mileage is known to display less than the car has actually traveled, unless the transfer form accompanying the sale is marked with the entry "True mileage unknown”.
Appellant urges that its conviction must fall without proof of intent to deceive or mislead the purchaser. By its terms, however, and given the reasonable relationship between the statute and its objective, the People are only required to prove that the seller intended to commit the proscribed act (see People v Munoz, 9 NY2d 51; People v Bunis, 9 NY2d 1).
This element of the offense is established by the record. At the time defendant received the automobile its original owner advised the dealer that the vehicle’s broken odometer had already registered over 80,000 miles, as confirmed by the dealer’s own records. Yet at the time of resale two months later, a replaced odometer indicated only 36,000 miles. Whether or not this misrepresentation amounted to deceit is beside the point. The violation and conviction rests on the proven fact that the defendant never afforded the unwary purchaser the minimum disclosure mandated by the statute.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed in a memorandum.