OPINION OF THE COURT
Matthew F. Coppola, J.
Plaintiff moves for an order to amend the complaint pursuant to CPLR 3025 and for renewal and reargument of a protective order pursuant to CPLR 2221.
On or about October 31, 1986, plaintiff was a guest at a party at the home of a friend who rented a dwelling owned and operated by defendants Moore in Mahopac, New York. During the party, a barbecue, owned and maintained by the Moores, allegedly exploded, causing plaintiff to suffer severe second and third degree burns on the upper part of her body.
Defendant Home Insurance Company (hereinafter Home) is the insurance carrier for the Moores. The insurance policy as allegedly represented to plaintiff, provided only $1,000 in medical payments coverage. Upon payment of $1,000 plaintiff signed a general release releasing said defendant from any further liability. Plaintiff alleges that defendant Home extracted the release from plaintiff in order to defraud and deceive plaintiff, and that such practice is company-wide. Plaintiff asserts that she has been damaged to her detriment in the sum of $5,000,000 due to defendant Home’s alleged fraudulent conduct.
In the original complaint, plaintiff asserted causes of action against various parties for negligence and fraud. Plaintiff now seeks leave to amend her complaint to include a cause of action against defendant Home under New York General Business Law § 349 for deceptive acts and practices. This application comes after a ruling by the court that plaintiff has no right to recover punitive damages under Insurance Law § 2601 and thus no right to examine Home’s files with respect to transactions with other persons.
This is a case of first impression. The issue is whether a third-party beneficiary to an insurance policy may sue the insurance company for deceptive acts and practices under New York General Business Law § 349. General Business Law § 349 affords private citizens a cause of action for consumer fraud.
The relevant sections of General Business Law § 349 read as follows:
"(a) Deceptive acts or practices in the conduct of any busi *205 ness, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful * * *
"(g) This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct any inquiry.
"(h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney’s fees to a prevailing plaintiff.”
The question in the instant case is whether this plaintiff falls within the protective ambit of General Business Law § 349 and the court answers this question in the affirmative.
Defendant Home asserts that plaintiff in the instant case is a nonconsumer with an adequate remedy existent at common law (i.e., fraud) and she is therefore not entitled to bring an additional cause of action under General Business Law § 349. Defendant Home cites Genesco Entertainment v Koch (593 F Supp 743 [SD NY 1984]) in support of the argument that section 349 is strictly limited to consumers. The court in Genesco held that "Section 349 wears its purpose on its face; it is entitled Consumer Protection From Deceptive Acts and Practices.” (Supra, 593 F Supp, at 751.) The court continued: "The typical violation contemplated by the statute involves an individual consumer who falls victim to misrepresentations made by a seller of consumer goods usually by way of false and misleading advertising.” (Supra, 593 F Supp, at 751.) It may be true that this is the typical scenario envisioned by the Legislature when section 349 was extended to include private causes of action. However, it need not be the only scenario. The very words of the statute indicate that section 349 was intended to have a broad application. Subdivision (h) of the statute clearly states that "any person who has been injured by reason of any violation of this section” has a cause of action. Had the Legislature intended the statute to apply *206 strictly to consumers, the word "consumer” could have been used and "consumer” could have been defined as the Legislature saw fit.
The facts of Genesco (supra), where a cause of action under section 349 was dismissed, may help to illuminate the distinction between it and the instant case. The claim in Genesco was based on an alleged breach of a contract for a one-day rental of Shea Stadium. This so-called "single shot transaction” was neither of a recurring nature nor was it an act or practice affecting the public interest. (Genesco Entertainment v Koch, supra [court to a General Business Law § 349 action].) In the instant case, based on testimony of Maureen Conroy, the claims adjustor at the Home Insurance Company, it appears that defendant Home may have made a company-wide policy of extracting general releases from claimants. This indicates that such act or practice is of a recurring nature and affects the public interest.
Legislative intent and history also indicate that General Business Law § 349 was meant to have a broad application. Defendant Home refers to section 349 as a "remedial statute.” McKinney’s Consolidated Laws of NY, Book 1, Statutes § 35 states: "the term remedial is especially applicable to statutes giving a mode of remedy for a wrong not available or ineffective under the prior system of law” (emphasis added). Further, McKinney’s Consolidated Laws of NY, Book 1, Statutes § 321 explains: "Generally, remedial statutes are liberally construed to carry out the reforms intended and to promote justice.” It seems that remedial statutes are interpreted liberally in order to eliminate injustice on as broad a scale as possible. McKinney’s Consolidated Laws of NY, Book 1, Statutes § 95 adds to this in its coverage of interpreting legislation: "[the courts] should construe the act in question so as to suppress the evil and advance the remedy.”
The question arises as to whether plaintiff should be permitted to pursue an additional cause of action under General Business Law § 349, especially in an insurance case, inasmuch as she has the alternative common-law remedy of fraud available to her. The New York Legislature has enacted Insurance Law § 2601 to tackle specifically the problem of unfair claim practices in the insurance industry. And, in the Second Department, it has been well established that section 2601 does not afford people a private right of action against insurers. The duty to investigate and punish in that instance lies exclusively with the State Superintendent of Insurance (see, *207 e.g., Riordan v Nationwide Mut Fire Ins. Co., 756 F Supp 732, 741 [SD NY 1990]).
One might assume that section 2601 would be the final word on this matter. However, General Business Law § 349, in its remedial nature, can be read to apply without exception. Subdivision (g) of the statute states: "This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state” (emphasis added). Also, in Riordan, the court stated, "there is every indication that the legislature intended the statute to apply to any business so as to effect its broad remedial purpose, notwithstanding the applicability of any other laws, so long as the elements of a claim under its provisions are satisfied.” (Riordan v Nationwide Mut. Fire Ins. Co., 756 F Supp, at 740, supra.) Furthermore, in Sulner v General Acc. Fire & Life Assur. Corp. (122 Misc 2d 597 [Sup Ct 1984]), the court maintained that section 2601 did not allow for a private cause of action; however, it did allow an action under section 349.
One last point to consider is the issue of damages and what may be awarded under section 349.
As the court reads the statute, once actual damages exceed $1,000, there can be no increase for punitive damages. It appears that punitive damages may only be awarded where the total award, together with the punitive damages, does not exceed $1,000. Of course plaintiff is entitled to recover actual damages in any amount. In addition, reasonable attorney’s fees may be awarded in the court’s discretion to the prevailing plaintiff.
Despite the holding herein, plaintiff's motion to reargue and/or renew this court’s consideration of a protective order pursuant to CPLR 2221 is denied.
While the hypothetical recurrence of the underlying problem is relevant for purposes of gouging the applicability of the problem, it bears no relevance to the proof required of plaintiff or the measure of damages. "The elements of a claim for deceptive practices are merely (1) that the act or practice was misleading in a material respect, and (2) that the plaintiff was injured. McDonald v. North Shore Yacht Sales, Inc., 134 Misc2d 910 to 914, 513 N.Y.S.2d 590 (Sup.Ct.1987); Geismar v. Abraham & Strauss, 109 Misc2d 495, 439 N.Y.S.2d 1005 (Dist.Ct.1981); Note New York Creates a Private Right of Action to Combat Consumer Fraud: Caveat Venditor,’ 48 Brooklyn L.Rev. 509 (1982)” (Givens, Practice Commentaries, *208 McKinney’s Cons Laws of NY, Book 19, General Business Law § 349, at 565). Thus plaintiff need only prove that she was misled by Home in a material respect, not that others were also misled. Of course, if by way of answer or otherwise, Home takes the position that Conroy’s actions were outside the scope of her employment, an excusable mistake, or otherwise not within the bounds of a deceptive practice under the statute, then Home’s actions with regard to other claims would be relevant.
For the foregoing reasons, the motion to amend is granted. Defendants’ statutory time to respond thereto shall commence upon service of a copy hereof with notice of entry. The motion to renew with respect to the previously granted protective order is denied without prejudice in accordance herewith.