**LOMAGLIO ASSOCIATES INCORPORATED, Plaintiff,**

v.

**LBK MARKETING CORP., Defendant.**

**No. 94 Civ. 3208 (KTD).**

United States District Court, S.D. New York.

July 5, 1995.

---

Seaman and Ashley, Lomaglio Associates Inc., New York City (Perry Ashley, of counsel), for plaintiff.

McCarthy, Lebit, Crystal & Haiman Co., L.P.A., LBK Marketing Corp., Cleveland, OH (Charles P. Royer, of counsel), Rubin Baum Levin Constant & Friedman, LBK Marketing Corp., New York City (Richard G. Primoff, of counsel), for defendant.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge.

Plaintiff originally brought this action in New York state court. On May 3, 1994 Defendant removed the case to this court pursuant to 28 U.S.C. §§ 1441, 1446, based on diversity of citizenship of the parties, 28 U.S.C. § 1332. On January 26, 1995, I denied Defendant's motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(2), but granted its motion to dismiss the second cause of action for failure to plead fraud with the particularity required by Fed.R.Civ.P. 9(b), and for failure to state a claim upon which relief may be granted, pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff was ordered to serve an amended complaint within twenty days, which it timely filed. Defendant filed the present motion to dismiss the amended complaint pursuant to Rules 9(b) and 12(b)(6).

For the following reasons, Defendant's motion is granted in part and denied in part.

## I.

In determining a defendant's motion to dismiss a complaint pursuant to Rule 12(b)(6), all factual allegations in the complaint should be construed to the plaintiff's benefit. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Only if there exists no set of facts which would entitle the plaintiff to relief should the complaint be dismissed. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Consequently, all factual allegations in the amended complaint will be presumed true for purposes of this motion.

Neither Plaintiff Lomaglio Associates Incorporated ("LAI") nor Defendant LBK Marketing Corporation ("LBK") is a citizen of New York. LAI is a corporation organized under the laws of New Jersey, while LBK is a corporation organized under the laws of Ohio. On or about October 12, 1992, Plaintiff and Defendant entered into a written contract by which the parties agreed that LAI would be LBK's exclusive sales representative to Avon Products Incorporated ("Avon"). Avon is a corporation having its headquarters in New York City.

In a letter to Avon dated November 11, 1992, David Gleason, LBK's Vice President National Accounts, represented that LBK had the capacity to produce 3,000 "Mrs. Albee" figurines per week. At meetings held on April 22, 1993 and May 24, 1993 in New York City, Gleason represented to both Plaintiff and representatives of Avon that LBK had the ability and desire to produce the figurines. On or about May 24–26, 1993, Plaintiff and Defendant agreed that should Avon award Defendant an order for "Mrs. Albee" figurines, Defendant would pay Plaintiff a commission of $1.555 per figurine ordered. In June 1993, Avon placed an order for 82,400 "Mrs. Albee" ceramic figurines with Defendant. Gleason and David Bailys, LBK's President, acknowledged Avon's order by a letter dated June 8, 1993. The total commission due to Plaintiff amounted to $128,132.

In a July 12, 1993 memorandum addressed to LAI, Gleason proposed a shipping schedule for delivery of the figurines and reiterated LBK's ability and intent to produce the figurines. On August 11, 1993, Gleason again met with Plaintiff and representatives of Avon at Avon's New York City location, at which time he stated that production of the figurines would commence shortly before Thanksgiving 1993, with monthly shipments of 3,200 figurines to commence that December. At some point prior to September 1, 1993, Defendant shipped sample figurines to Avon in New York City.

In a letter dated September 1, 1993, Gleason made assurances to Avon that Avon would receive figurines "of great beauty and

quality." (Amd.Compl. ¶ 19). However, nine days later, Defendant informed both LAI and Avon that it would not produce the figurines.

According to the amended complaint, the aforementioned representations made on behalf of Defendant were known by Defendant's representatives to be false at the time they were made. Allegedly, Plaintiff relied to its detriment on the false representations about its intent and ability to provide the figurines to Avon. Plaintiff has unsuccessfully sought payment of the $128,132 commission from Defendant. Moreover, as a result of Defendant's refusal to produce the figurines, Plaintiff's business relationship with Avon has been damaged.

## II.

## DISCUSSION

### A. Breach of Contract Claims

■ Defendant has moved to dismiss Plaintiff's breach of contract claim contained in the first cause of action, apparently for failure to state a claim upon which relief may be granted, pursuant to Fed.R.Civ.P. 12(b)(6). According to Defendant, certain language in the Sales Representation Agreement between the parties obligated Defendant to pay a commission to Plaintiff only in the event that Avon actually paid Defendant for the "Mrs. Albee" figurines.

■ Plaintiff did not attach a copy of the Sales Representation Agreement to either its complaint or its amended complaint. According to *Cortec Industries, Inc. v. Sum Holding L.P.*, "[w]here plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." 949 F.2d 42, 48 (2d Cir.1991), *cert. denied,* 503 U.S. 960, 112 S.Ct. 1561, 118 L.Ed.2d 208 (1992). In determining a 12(b)(6) motion, the court may consider documents incorporated by reference into the complaint. *Hertz Corp. v. City of New York,* 1 F.3d 121, 124 (2d Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1055, 127 L.Ed.2d 375 (1994); *Messina v. Mazzeo,* 854 F.Supp. 116, 128 (E.D.N.Y.

1994); *Aquino v. Trupin,* 833 F.Supp. 336, 340 (S.D.N.Y.1993). Likewise, on a motion to dismiss, the court may consider documents either in the plaintiff's possession or of which the plaintiff had knowledge and relied upon in bringing suit. *Brass v. American Film Technologies, Inc.,* 987 F.2d 142, 150 (2d Cir.1993); *Messina,* 854 F.Supp. at 128.

Plaintiff refers in the amended complaint to the Sales Representation Agreement, which was drafted on its own letterhead, (*see* Amd.Compl. ¶ 4), and has included a copy of the full document in its papers in opposition to the present motion. (*See* Mem.Opp.Mot.Dismiss Amd.Compl., Ex. A). Thus, LAI has incorporated the Sales Representation Agreement by reference into the complaint. *See Nat'l Ass'n of Pharmaceutical Mfrs. v. Ayerst Lab.,* 850 F.2d 904, 910 n. 3 (2d Cir.1988) (letter incorporated by reference where complaint referred thereto and appellants quoted entire text in memorandum of law opposing motion to dismiss); *Aquino,* 833 F.Supp. at 340 (memorandum deemed incorporated where allegations in complaint hinged upon misrepresentations contained therein). Accordingly, I will consider this document in conjunction with the present motion to dismiss the complaint.

The core of Defendant's contention focuses on the following paragraph from the Sales Representation Agreement: "Commissions will be determined prior to quoting and will be included in the cost quoted to the customer. Commissions will be paid upon payment for merchandise by the customer. Deductions will be made for returns or credits." (Mem.Supp.Mot.Dismiss Amd.Compl. at 4). LBK argues that because it has not yet received payment for the figurines from Avon, LAI is not entitled to a commission for the 82,400 figurines. This argument entails the interpretation of the relevant paragraph as setting forth a condition precedent, specifically the receipt of payment from Avon before payment of the commission to LAI will become due.

Moreover, according to LBK, its failure to pay the commission was not a breach of its contract with LAI. Rather, if any breach occurred, it would have to be alleged that LBK breached its contract with Avon, to

which LAI was not an intended beneficiary. Hence, LBK argues that LAI lacks standing to raise this breach of contract issue.

In support of Defendant's contention that the payment by Avon was a condition precedent, it could be that at the time of the formation of the contract, Plaintiff viewed an arrangement between LBK and Avon as a potentially lucrative investment opportunity, and therefore gambled by tying its compensation directly to the amount of figurines actually sold by LBK and paid for by Avon. This interpretation is supported by the incorporation of commissions rather than a flat fee for LAI's services, which commissions would be "included in the cost quoted to the customer," payable "upon payment for merchandise" by Avon, and which would allow for deductions in Plaintiff's commission due to returns of some or all of the merchandise or credits therefore. (Mem.Opp.Mot.Dismiss Amd.Compl. at Ex. A); (Mem.Supp.Mot.Dismiss at 4). As a result, payment by Avon could be considered a condition precedent to LBK's duty to pay any commission to LAI.

However, LAI might be an intended third party beneficiary to the Avon–LAI contract, even if that contract does not explicitly state the obligation owed to LAI.[1] *See Cauff, Lippman & Co v. Apogee Finance Group, Inc.,* 807 F.Supp. 1007, 1019–20 (S.D.N.Y. 1992). Should the Avon–LBK contract detail an obligation owed to LAI, LAI's standing as a third party beneficiary would be even stronger, especially given LAI's role in arranging the meeting which led to the contract and its role in the production scheduling. *See* Amd.Compl. Ex. A; *Apogee,* 807 F.Supp. at 1020.

■ Even interpreting payment by Avon as a condition precedent, it has been established for over a century that "a party may not insist upon performance of a condition precedent when its non-performance has been caused by the party himself." *Ellenberg Morgan Corp. v. Hard Rock Cafe,* 116 A.D.2d 266, 500 N.Y.S.2d 696, 699 (1st Dep't 1986) (citations omitted). *See also Simon v.* *Electrospace Corporation,* 28 N.Y.2d 136, 142, 320 N.Y.S.2d 225, 269 N.E.2d 21 (1971). Under such circumstances, the prevention doctrine will operate to excuse the condition precedent which was wrongfully prevented from occurring, thereby rendering the contract enforceable. *Apogee,* 807 F.Supp. at 1022 ("prevention doctrine is substantially related to the implied covenant of good faith and fair dealing implicit in every contract"). This principal has been applied in numerous brokerage commission cases. *In re Southold Development Corp.,* 173 B.R. 63, 74–75 (E.D.N.Y.1994) (also stating "[w]here a principal frustrates the fulfillment of the condition governing the broker's right to compensation, that principal is obliged to pay the commission"). Plaintiff contends that LBK would therefore be liable by virtue of having unilaterally prevented the condition precedent from occurring, the relevant conduct being LBK's failure to produce and deliver the figurines to Avon.

Alternatively, it could be that the payment by Avon was not a condition precedent, as Defendant argues, and so its nonoccurrence would not bar a breach of contract claim. For instance, the disputed paragraph in the Sales Representation Agreement could have imposed upon LBK a duty to pay the commission to LAI when the meeting with Avon was arranged, with the amount of the payment to be determined by the amount of figurines agreed upon at that meeting, and with the time for payment established by the second sentence of the paragraph.[2] If valid, this interpretation of the Sales Representation Agreement would support Plaintiff's contention that it fully performed its obligations by arranging the meeting between representatives of LBK and Avon to discuss the possible formation of a contract for the sale of "Mrs. Albee" figurines. In turn, when Avon and LBK agreed to the sale of 82,400 figurines, LBK would have simultaneously incurred the duty to pay $128,132 in commissions thereon to LAI. The second sentence

---

1. Neither party has placed the Avon–LBK contract into evidence as of yet.

2. The second sentence reads: "Commissions will be paid upon payment for merchandise by the customer."

of the paragraph[3] thus would set forth the time for payment, but would not have any affect on LBK's obligation to pay the $128,-132 in commissions to LAI.

Regardless of whether payment by Avon was a condition precedent, interpreting all allegations to Plaintiff's benefit, the complaint adequately pleads a claim for breach of contract. As a result, Defendant's motion to dismiss the first cause of action must be denied.

The same analysis applies to the second cause of action, which Plaintiff characterizes as "simply a claim for additional damages arising out of defendant's breach of contract." (Mem.Opp.Mot.Dismiss at 4). I have already found that in conjunction with the first cause of action, the complaint sets forth a claim for breach of contract. As the same alleged breach of contract forms the basis of the second cause of action, Defendant's motion to dismiss the second cause of action must likewise be denied.

## B. The Fraud Claim

Defendant also moves to dismiss the third cause of action for failure to plead fraud with particularity pursuant to Fed.R.Civ.P. 9(b), and for failure to state a claim upon which relief may be granted pursuant to Fed. R.Civ.P. 12(b)(6).

To state a claim for fraud under New York common law, the complaint must allege that the defendant (1) made an omission, misrepresentation, or false statement of material fact; (2) with knowledge of its falsity; (3) with the intent to defraud; (4) upon which the plaintiff reasonably relied; (5) and which caused damage to the plaintiff due to the plaintiff's reliance thereon. *Diduck v. Kaszycki & Sons Contractors, Inc.,* 974 F.2d 270, 276 (2d Cir.1992). *See also Flickinger v. Harold C. Brown & Co., Inc.,* 947 F.2d 595, 599 (2d Cir.1991) (citations omitted); *Cramer v. Devon Group, Inc.,* 774 F.Supp. 176, 181 (S.D.N.Y.1991). The Federal Rules of Civil Procedure further require that fraud be pleaded with particularity. Fed.R.Civ.P. 9(b). However, plaintiffs need not set forth their evidence in the complaint. *Lazzaro v.*

*Manber,* 701 F.Supp. 353, 372–73 (E.D.N.Y. 1988) (finding general circumstances, content, and perpetrator of each fraudulent representation sufficient pleading). To satisfy the requirements of Rule 9(b), the complaint need only give particulars regarding the fraudulent content of the speech, the time and place at which the statements were made, and the identity of individuals making the fraudulent statements. *See Goldman v. Belden,* 754 F.2d 1059, 1069–70 (2d Cir.1985). Rule 9(b) expressly states that scienter may be pleaded in general terms. *Id.* at 1070. Nonetheless, plaintiffs must still provide "at least a minimum factual basis for their conclusory allegations of scienter." *Connecticut Nat'l Bank v. Fluor Corp.,* 808 F.2d 957, 962 (2d Cir.1987).

Even if the pleading requirements of Rule 9(b) are satisfied, the allegations of fraud contained in the complaint must be examined for their sufficiency under the applicable state law. As a general rule, New York courts preclude fraud actions where the "only fraud charged relates to a breach of contract." *Miller v. Volk & Huxley Inc., et al.,* 44 A.D.2d 810, 355 N.Y.S.2d 605 (1st Dep't 1974). *See Metropolitan Transportation Authority v. Triumph Advertising Productions, Inc.,* 116 A.D.2d 526, 527, 497 N.Y.S.2d 673 (1st Dep't 1986). A party's failure to fulfill a promise to perform future acts cannot form the basis of a fraud claim, unless that party intended not to fulfill that promise at the time when it was made. *Cohen v. Koenig,* 25 F.3d 1168, 1172 (2d Cir.1994); *Murray v. Xerox Corp.,* 811 F.2d 118 (2d Cir.1987); *Value Time, Inc., v. Windsor Toys, Inc.,* 700 F.Supp. 6, 6–7 (S.D.N.Y. 1988).

I dismissed the first complaint pursuant to Rule 9(b) because Plaintiff failed to adequately plead the time and speaker of the allegedly fraudulent statements. *See Lomaglio Associates Inc. v. LBK Marketing Corp.,* 876 F.Supp. 41, 44–45 (S.D.N.Y.1995). Plaintiff has cured these defects in the amended complaint by identifying various allegedly false statements or misrepresentations made by two officers of LBK, David

---

3. *See supra* at n. 2.

Gleason and David Bailys, either in person on or in writing on particular dates in 1993. (*See* Amd.Compl. ¶¶ 15–20). Thus, the complaint as amended satisfies Rule 9(b).

 Nevertheless, the complaint fails to establish a cognizable claim for fraud. All of the alleged misrepresentations or false statements involve purported assertions by Defendant's representatives of its ability to produce the "Mrs. Albee" figurines, the quantities it anticipated being able to produce monthly, and a proposed production and shipment schedule. None of these statements provide any indication that LBK possessed the intent to deceive or to fraudulently induce the reliance of either Avon or LAI. Nor do Plaintiff's allegations set forth any evidence whatsoever that LBK never intended to perform its obligations under either its contract with Avon or its Sales Representation Agreement with LAI at the time of the allegedly fraudulent statements. Plaintiff's general claim that LBK never intended to perform its duties under the contract with Avon does not elevate this basic claim for breach of contract to the level of deliberate fraud. *See Fluor Corp.*, 808 F.2d at 962.

Because there is no indication that the third cause of action is anything more than a repetition of the breach of contract claims contained elsewhere in the complaint, joined with a superficial allegation of fraud, it must be dismissed.

### III.

### CONCLUSION

Defendant's motion to dismiss the first and second causes of action in the amended complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R.Civ.P. 12(b)(6) is denied. Likewise, Defendant's motion to dismiss the third cause of action in the amended complaint for failure to plead fraud with the particularity required by Fed.R.Civ.P. 9(b) is denied.

However, Defendant's motion to dismiss the third cause of action in the amended complaint for failure to state a claim upon

which relief may be granted, pursuant to Rule 12(b)(6), is hereby granted.

SO ORDERED.