■ BRISTOL HARBOUR ASSOCIATES, L.P., et al., Respondents, v HOME INSURANCE COMPANY, Appellant. [665 NYS2d 142] —Order affirmed without costs. Memorandum: Supreme Court properly granted plaintiffs' cross motion to serve an amended complaint (*see*, CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959). Contrary to defendant's contention, plaintiffs did not seek to add a separate cause of action alleging a violation of Insurance Law § 2601 but, rather, sought to amplify their cause of action for breach of contract with allegations of such a violation (*see, New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 317-318). Further, the court did not abuse its discretion in permitting plaintiffs to assert a cause of action pursuant to General Business Law § 349 (*see, Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25-26). In opposing the motion, defendant's only assertion of prejudice was based upon the new demand for punitive damages. Plaintiffs, however, seek punitive damages only "as provided for by General Business Law § 349 (h)." Pursuant to that section, the court may in its discretion award treble damages based upon proof of defendant's willful or knowing violation of the statute, but the award of damages may not exceed $1,000 (*see*, General Business Law § 349 [h]; *Hart v Moore*, 155 Misc 2d 203, 207).

Further, the court did not abuse its discretion in denying defendant's motion to strike certain allegations from the initial complaint (*see,* CPLR 3024 [b]); those allegations are relevant to the causes of action in the amended complaint.

All concur except Lawton, J. P., who dissents and votes to reverse in the following Memorandum:

Lawton, J. P. (dissenting). I respectfully dissent. Plaintiffs in this action seek a declaration that they are entitled to recover more than $600,000 in damages for the alleged mysterious disappearance of works of Native American art under an "all risk" policy issued by defendant. Defendant in its answer asserted that it had properly denied coverage because there was no loss within the meaning of the policy or, if such a loss did occur, because the loss occurred outside the territorial limits of the policy. In response to defendant's motion to strike certain allegations in the complaint as irrelevant, plaintiffs crossmoved to amend the complaint to include a second cause of action under General Business Law § 349. Supreme Court erred in denying the motion and granting the cross motion. Because this action involves a coverage dispute between an insurer and its insured, it is "essentially a 'private' contract dispute over policy coverage and the processing of a claim which is unique to [the] parties, [and] not conduct which affects the consuming public at large" (*New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 321). Consequently, it cannot form a basis for a cause of action under General Business Law § 349 (*see, New York Univ. v Continental Ins. Co., supra,* at 320-321). Additionally, plaintiffs' allegation that defendant violated Insurance Law § 2601 does not support a separate cause of action and is irrelevant to the cause of action to recover an alleged loss under the policy (*see, Rocanova v Equitable Life Assur. Socy.,* 83 NY2d 603, 614-615; *see also, New York Univ. v Continental Ins. Co., supra,* at 317-318). Thus, the court also erred in denying defendant's motion to strike allegations in the complaint. (Appeal from Order of Supreme Court, Ontario County, Harvey, J.—Amend Pleading.) Present—Lawton, J. P., Hayes, Wisner, Boehm and Fallon, JJ.