OPINION OF THE COURT
Michael F. McKeon, J.
In a case of apparent first impression in New York, a car owner seeks damages against a motor vehicle repair shop for an alleged violation of General Business Law § 392-e (3). The facts of this case are not in dispute. Plaintiffs, the owners of a 1998 Toyota Corolla, brought their vehicle in for service at defendant’s place of business claiming problems with the odometer. The defendant, finding the odometer defective, replaced it under warranty at no cost to the plaintiffs.
*531 However, in so replacing the odometer, the defendant did not reset the mileage to the actual mileage of the vehicle but left it at zero. Subsequently the plaintiffs traded this vehicle in at another dealership. However, because the odometer was not reset and because the vehicle did not have attached to it a sticker indicating as such, plaintiffs claim that the mileage could not be certified and was reported as “not the actual mileage — warning odometer discrepancy,” thereby lessening the trade-in value of the vehicle by a claimed amount of $1,000.
General Business Law § 392-e (3) reads as follows:
“Nothing herein contained shall prevent the service, repair or replacement of a mileage registering device, provided the mileage indicated thereon remains the same as before the service, repair or replacement; or provided the mileage registering device reads zero and a notice in writing is attached to the left front door frame of the vehicle by the owner or his agent, indicating the mileage prior to replacement and the date on which it was replaced. Any unauthorized removal of such notice so affixed shall constitute a violation of subdivision [2] of section [392-e].”
Plaintiffs argue that after replacing the odometer, the defendant should have reset the new odometer at the vehicle’s actual mileage or placed a sticker on the vehicle as required by this section. Alternatively, plaintiffs argue that at the very least the defendant should have informed them of their statutory obligation to so affix a sticker.
Although not raised by the defendant a threshold issue before this court is whether a civil cause of action exists pursuant to General Business Law § 392-e (3). As a general principle, a court may infer that the Legislature intended to create a civil remedy in furtherance of a statutory purpose even though the statute does not expressly provide for civil liability. (Trimarco v Klein, 56 NY2d 98 [1982].)
However, a twofold test must be met in order to give rise to civil liability; first, the cause of action must impose liability nonexistent at common law and, second, the plaintiff must be a member of the class for whose protection a statute was enacted. (See, Goldstein v Mangano, 99 Misc 2d 523 [1978].)
In the case herein while it is clear that a cause of action for tampering with an odometer was nonexistent at common law, it is also clear from a reading of the statute that the plaintiffs as owners of the motor vehicle are not a protected class member.
*532 General Business Law § 392-e was enacted to protect an innocent purchaser from purchasing a motor vehicle with an odometer tampered with or falsely certified as to its mileage. (See, Mem of State Dept of Law, 1969 McKinney’s Session Laws of NY, at 2465.) Indeed the statute imposes criminal liability upon the seller for falsifying the actual mileage or tampering with the odometer. Moreover, the statute explicitly requires the owner or his agent to affix the sticker to the vehicle when an odometer is replaced and imposes criminal liability for removing that sticker.
While a civil cause of action appears cognizable, these plaintiffs are not members of the class protected by this section and thus have no civil remedy against the defendant. Moreover, even assuming this court found the plaintiffs had such a remedy, it is clear from the facts in this case that it was the plaintiffs and not the defendant who breached this section.
Although from a practical and perhaps a fairness viewpoint, it makes more sense for a motor vehicle repair shop to affix the sticker as they are more likely to be aware of this requirement than the consumer, the Legislature apparently felt otherwise in so enacting this statute. Any change therefore to this section must come from the Legislature and not from the courts.
Accordingly, judgment is granted to the defendant dismissing the complaint in its entirety without costs.