**MAYLINE ENTERPRISES, INC., Plaintiff,**

v.

**MILEA TRUCK SALES CORP. and George Lin, Defendants.**

**No. 06 Civ. 5603 (CM)(DFE).**

United States District Court, S.D. New York.

Aug. 3, 2009.

306

Benjamin B. Xue, Law Office of Benjamin B. Xue, P.C., New York, NY, for Plaintiff.

Peter A. Axelrod, Peter Axelrod & Associates, P.C., for Defendants.

**DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT**

McMAHON, District Judge:

The facts alleged in the complaint in this matter are as follows: On or about March 23, 2006, plaintiff purchased a 2002 Mitsubishi FH211 truck from defendant Milea Truck Sales. (Compl. ¶¶ 8, 12–13.) The total purchase price was to be $19,648.75; plaintiff put down a $3,000 deposit, and tendered a check for the balance when the truck was delivered, on or about March 30, 2006. (Compl. ¶¶ 13, 15.) Plaintiff stopped payment on the check, because the truck's odometer had allegedly been altered to read 75,769 miles, when the actual mileage on the truck was 176,167 miles. (Compl. ¶¶ 20, 25–26.)

Plaintiff asserts claims for relief under the Federal Odometer Act, 49 U.S.C. § 32701 et seq. (First Cause of Action); the New York State Odometer Act, N.Y. Gen. Bus. Law § 392–e (Second Cause of Action); the New York State Deceptive Practices Act, N.Y. Gen. Bus. Law § 349 (Third Cause of Action); and New York's Vehicle and Traffic Law § 417–A (Eighth Cause of Action). He also asserts claims for fraudulent misrepresentation (Fourth Cause of Action), negligent misrepresentation (Fifth Cause of Action), breach of contract (Sixth Cause of Action), fraud (Seventh Cause of Action), breach of warranty (Ninth Cause of Action) and something denominated "revocation of acceptance" relative to plaintiff's purchase of the truck (Tenth Cause of Action). The last claim is either a claim for rescission of the truck purchase or a request for a declaratory judgment that plaintiff was within its rights to revoke its acceptance of the vehicle and stop payment on the check. The claims are asserted against both Milea and George Lin, an employee of Milea who was allegedly involved in the sale. Plaintiff seeks punitive damages of $5 million in addition to whatever his actual or statutory damages might be.

Defendant Milea counterclaimed for the unpaid balance of the purchase price.

This case was originally assigned to the docket of The Hon. Richard Conway Casey; it was reassigned to this court upon Judge Casey's death.

Defendant made a motion to dismiss certain claims—redenominated as a motion for summary judgment and to strike the claims for punitive damages—last fall. At a subsequent conference in this case, the motion was deemed to seek dismissal of all claims. Plaintiff cross-moved for partial summary judgment on February 6, 2009. Both sides have since filed responses.

The essence of defendant's motion insofar as it is addressed to all of plaintiff's claims is that plaintiff has suffered no damages. Plaintiff's President, Hsien Jen Liu, was deposed on April 10, 2007. He testified that he paid a $3,000 deposit for his truck; that he took delivery of the truck; that he stopped payment on the check for the balance due on the truck; that he retains the truck; and that his expert places a value of $4,000 on the truck, based on its actual mileage. Defendant argues that if plaintiff paid $3,000 for a truck that its own expert says is worth $4,000, it has suffered no damages.

### First Cause of Action (Federal Odometer Act)

██ Defendant originally sought dismissal of the First Cause of Action on the ground that plaintiff had not pleaded intent to defraud, as required by the relevant statute, and so failed to state a claim.

The Federal Odometer Act provides, at 49 U.S.C. § 32710(a), as follows:

A person who violates this chapter or a regulation prescribed or order issued under this chapter, with intent to defraud, is liable for three times the actual damages or $1,500, whichever is greater.

The court declined to accept defendant's motion as a motion to dismiss for failure to state a claim because it was untimely; the motion was made two years after the lawsuit was filed, after issue was joined and the parties engaged in extensive discovery. See Fed.R.Civ.P. 12.

Considered as a motion for summary judgment, see Fed.R.Civ.P. 56, the court cannot grant defendants' motion because there is evidence in the record to support a view that defendants at a minimum should have known that the truck had considerably more than 75,769 miles on it when they sold it to plaintiff. Indeed, there is considerable evidence, none of it controverted, to support the view that defendants were fully aware that the truck's odometer should have read 176,167 miles rather than 75,769 miles shown on the New York State Certificate of Title that issued at the time the truck was sold to plaintiff. (Compl. ¶ 21; Pls. Cross–Mot. for Partial Summ. J Ex. B.) Milea's service department had maintained the truck for its previous owner. When plaintiff found the service record (which were left in the truck's glove compartment), it showed the mileage as 176,167 miles as of March 31, 2006, shortly before the truck was sold to plaintiff. (Compl. ¶ 24.) (The service record showed the exact same mileage on May 31, 2005, the day Milea obtained the truck from the previous owner.) (Compl. ¶ 11.) Plaintiff has also produced an undated reminder sticker from Napa Auto-Care Center that was found in or on the truck; it advised the previous owner that the "next service" on the vehicle was to

occur at 163,439 miles. (Compl. ¶ 27; Pls. Cross–Mot. for Partial Summ. J Ex. D.)

This is more than enough evidence to permit a trier of fact to conclude that Milea intended to defraud plaintiff. The intent to defraud required under the Federal Odometer Act can be inferred when a seller lacks actual knowledge of the true mileage but exhibits gross negligence or a reckless disregard for the truth in preparing odometer disclosure statements. See Tusa v. Omaha Auto. Auction, Inc., 712 F.2d 1248, 1253 (8th Cir.1983); Ralbovsky v. Lamphere, 731 F.Supp. 79, 82 (N.D.N.Y. 1990); Auto Sport Motors, Inc. v. Bruno Auto Dealers, Inc., 721 F.Supp. 63, 66 (S.D.N.Y.1989). Therefore, unrebutted evidence that an employee of the seller (Lin) knew that the actual mileage was substantially in excess of the mileage recorded at time of sale—which the record before this court contains, (See Pls. Cross–Mot. for Partial Summ. J Ex. E.),—compels an inference of intent to defraud, and so the denial of defendants' motion to dismiss the First Cause of Action.

In fact, plaintiff's cross-motion for summary judgment on liability under the First Cause of Action must be granted, because the evidence in the record admits but one interpretation: a representative of Milea knowingly and intentionally altered the odometer by more than 100,000 miles. Milea's knowledge of the actual mileage on the truck is established by Lin's testimony and the service records. The fact that the truck's actual mileage did not change from the time Milea acquired the truck in May 2005 until just before the truck was sold to plaintiff (when it was mysteriously reduced by over 100,000 miles) renders it impossible to conclude that anyone except a Milea representative altered the odometer. Milea has not offered any evidence showing that it suffered any break-ins, or that any persons other than its staff had access to

the truck during the period when it was on Milea's lot. There is, therefore, no evidence whatever to support a conclusion that anyone else altered the odometer.

The only issue, then, is the issue of damages. Defendant claims that the First Cause of Action should be dismissed because plaintiff suffered no actual damages. But this is a silly argument; one can never have no damages for violation of a statute that provides for statutory damages. Plaintiff's damages, by statute, are limited to three times actual damages or $1,500, whichever is greater. Defendant insists that plaintiff paid less for the truck ($3,000) than Jimmy Huang, plaintiff's "expert" and friend, says the truck is worth ($4,000), so it suffered no actual damages. (*See* Mot. to Dismiss Ex. C.) If this proves true, then plaintiff is not entitled to nothing; it gets to recover $1,500 in statutory damages. Also, 1 cannot say that plaintiff has suffered no actual damages; plaintiff offers evidence that it has put more than $2,500 into the truck in repairs, due to its unexpectedly aged and worn condition. (Compl. ¶ 29.) If that proves true, plaintiff may be entitled to as much as $7,500 in damages, under the trebling of its actual damages.

Eventually, the matter of damages will have to be tried. If plaintiff does not prove actual damages, or if three times its actual damages is less than $1,500, then plaintiff will be entitled to damages of $1,500.

[2] Finally, Defendants ask that plaintiff's claim for $5 million in punitive damages on the First Cause of Action be stricken, on the ground that the treble damages for which the statute expressly provides precludes an award of punitive damages, because the treble damages serves the same function as punitive damages. *Perez v. Z Frank Oldsmobile, Inc.*, 223 F.3d 617, 621 (7th Cir.2000); *see also*

*Glover v. Gen. Motors Corp.*, 959 F.Supp. 332, 334 (W.D.Va., 1997). While the Second Circuit has not, to my knowledge, opined on this issue, I find the reasoning of the Seventh Circuit to be persuasive. I therefore dismiss the claim for punitive damages in connection with the First Cause of Action.

## Second Cause of Action (New York State Odometer Act)

[3] The Second Cause of Action is brought under a New York State statute, N.Y. Gen. Bus. Law § 392–e, which provides that, upon transfer of ownership of a motor vehicle, giving a false statement of the vehicle's mileage renders the violator "guilty of a misdemeanor." N.Y. Gen. Bus. Law §§ 392–e (1–2). Obviously, this is a criminal statute, enforceable by a district attorney, not by a private plaintiff. See *People v. Hamburg Chrysler Plymouth, Inc.*, 43 N.Y.2d 680, 401 N.Y.S.2d 24, 371 N.E.2d 787, 787 (1977); *Sedore v. Epstein*, 56 A.D.3d 60, 864 N.Y.S.2d 543, 546 (2008) (*citing People v. Di Falco*, 44 N.Y.2d 482, 486, 406 N.Y.S.2d 279, 377 N.E.2d 732 (1978)). Therefore, the claim must be dismissed.

[4] Plaintiff argues that an intent to create a civil remedy should be inferred using the two part test discussed in *Ingram v. Fox Toyota*, 186 Misc.2d 530, 719 N.Y.S.2d 828, 828 (Auburn City Ct.2000). However, one of those two prongs is that an implied private right of action must impose liability that is "nonexistent at common law." *Id.* The seller of a car can be held liable to a purchaser for tampering with an odometer under several different common law theories, including fraud, which has been expressly asserted in this case. *See Wilson v. Car Land Diagnostics Ctr., Inc.*, No. 99 CIV. 9570, 2001 WL 1491280, at *1 (S.D.N.Y. Nov. 26, 2001). There is thus no need for any implied right

of action under Section 392–e pursuant to *Ingram.*

The defendant's motion for summary judgment dismissing the Second Cause of Action is granted.

### Third Cause of Action (New York State Deceptive Practices Act)

Gen. Bus. Law § 349(a) renders unlawful every deceptive act or practice in the conduct of any trade or business or in the furnishing of any service within the State of New York. Altering an odometer in order to deceive a customer is a paradigmatic example of the type of conduct that is barred by that statute. For the reasons set forth in the discussion of the First Cause of Action, plaintiff is entitled to summary judgment of liability on this claim as well. There is no issue about plaintiff's standing to assert such a claim, because the statute expressly provides for a private right of action. *See* N.Y. Gen. Bus. Law § 349(h).

■ However, plaintiff does not get to recover separate damages for a violation of federal law AND state law; under the rule that a single injury gives rise to a single right of recovery, plaintiff only gets to recover damages once for statutory violations relating to the alteration of the odometer. As a result, defendant's motion to dismiss the third cause of action on the ground that plaintiff has not suffered any damages appears to be correct, although not for the reason defendants assign. For a knowing and willful violation of the state statute, damages are capped at "an amount not to exceed three times the actual damages *up to* one thousand dollars." N.Y. Gen. Bus. L. § 349(h). Therefore, plaintiff is entitled to, at most, $1,000 in "damages" under the state statute—an amount that is less than the *minimum* amount of damages ($1,500) to which he is entitled under the Federal Odometer Act.

The rule against double recovery thus precludes any award of damages under the Deceptive Practices Act.

■ Defendants also moves to dismiss the claim for punitive damages for their violation of § 349, arguing that because damages are capped under New York's Deceptive Practices Act, plaintiff cannot obtain punitive damages for a cause of action asserted under the Act. Neither side cites any authority, one way or the other, to supports its respective position. The court, however, has found cases in which New York State courts refused to award punitive damages where actual damages exceed the $1,000 cap on total damages. *Bristol Harbour Assoc., L.P. v. Home Ins. Co.*, 244 A.D.2d 885, 665 N.Y.S.2d 142, 143 (1997) (*citing Hart v. Moore*, 155 Misc.2d 203, 587 N.Y.S.2d 477, 480 (Sup.Ct. Westchester County 1992)). Based on the reasoning of these decisions, defendant's motion for summary judgment dismissing the request for punitive damages under the Third Cause of Action is granted.

### Fourth Cause of Action (Fraudulent Misrepresentation) and Seventh Cause of Action (Fraud)

■ The Fourth and Seventh Causes of Action are in substance identical—the nature of the fraud alleged in the Seventh Cause of Action is a misrepresentation concerning the actual number of miles traveled by the truck sold to plaintiff, due to an alteration of the odometer. Therefore, these claims do not seek relief under different theories of recovery. They will be discussed together.

In moving for summary judgment dismissing the Fourth/Seventh Cause of Action, defendants do not argue that plaintiff has failed to prove a misrepresentation known by defendants to be false, or that plaintiff did not justifiably rely on that

misrepresentation—which is fortunate, because any such argument would be specious in view of the evidence. Plaintiff is entitled to summary judgment in its favor on those discrete issues.

However, defendants argue that this claim should be dismissed because plaintiff has suffered no actual injury, which is an element of a claim in fraud. *See Small v. Lorillard Tobacco Co., Inc.*, 94 N.Y.2d 43, 698 N.Y.S.2d 615, 720 N.E.2d 892, 898 (1999). Again, they rely on the fact that an expert purportedly retained by plaintiff opined that the truck was worth $4,000, while plaintiff acquired it for $3,000.

Defendants are not entitled to summary judgment on a theory of "no injury shown." Plaintiff obtained a vehicle that was not in the condition represented, which may have resulted in damages attributable to the significant repair costs and time spent repairing the truck. Whether those costs are actually attributable to the extra mileage on the vehicle remains to be proved, but at this stage the evidence shows a genuine issue of material fact sufficient to survive defendants' motion for summary judgment. *See* Fed. R.Civ.P. 56.

■ Defendants also argue that plaintiff's claim for punitive damages in connection with the cause of action for fraud should be stricken. The motion is granted.

■ Where the parties are in a contractual relationship, courts have allowed punitive damages for fraud only where the additional damages are "necessary to vindicate a public right:" *New York Univ. v. Cont'l. Ins. Co.*, 87 N.Y.2d 308, 639 N.Y.S.2d 283, 662 N.E.2d 763, 767 (1995) (citing *Rocanova v. Equitable Life Assur. Soc. of U.S.*, 83 N.Y.2d 603, 612 N.Y.S.2d 339, 634 N.E.2d 940, 943 (1994)); *accord Carvel Corp. v. Noonan*, 350 F.3d 6, 25 (2d

Cir.2003). This "public harm" requirement ensures that such damages are limited to those necessary to redress wrongs committed under the contract, *id.;* punitive damages are available where the fraud is an independently actionable tort (i.e., as in this case, where the essence of the allegation is fraudulent inducement), involves a high degree of moral culpability, or "such wanton dishonesty as to imply a criminal indifference to civil obligations." However, the fraud *must be directed at the general population. Rocanova, supra.*, 634 N.E.2d at 943 (*citing Walker v. Sheldon*, 10 N.Y.2d 401, 223 N.Y.S.2d 488, 179 N.E.2d 497, 499 (1961)).

In the *Walker* case, 179 N.E.2d at 498, the New York Court of Appeals allowed punitive damages where the defendant's misrepresentations fraudulently induced plaintiff to enter into a contract, and defendant's conduct was grossly improper. The court found the standard met because the fraud was deliberately done for profit and was part of the general business practice whereby defendants "were engaged in carrying on a 'virtually larcenous scheme to trap generally the unwary.' " *Id.* at 490, 223 N.Y.S.2d 488, 179 N.E.2d 497 (internal citations omitted).

Since *Walker,* New York courts have refused to award punitive damages where plaintiff did not meet the "public harm" requirement, no matter how improper the defendant's activity. To the extent that some courts have found meeting the "public harm" requirement unnecessary, the Second Circuit (whose rulings bind this court) has concluded that they are against the weight of authority on the issue. *TVT Records v. Island Def Jam Music Group*, 412 F.3d 82, 94 & n. 12 (2d Cir.2005).

In *Ventus Networks, LLC v. Answerthink, Inc.*, No. 05 Civ. 10316, 2007 WL 582736, at *3 (S.D.N.Y. Feb. 22, 2007), a case where the plaintiff was fraudulently

induced to purchase a software system because of misrepresentations made by defendant, the court declined to award punitive damages because, "Defendant's allegedly fraudulent conduct was 'an isolated transaction incident to an otherwise legitimate business.'" *Id.* (*quoting Walker,* 179 N.E.2d at 500). Similarly, in *TVT Records,* where defendant's breach of contract prevented plaintiffs artwork from being distributed to the public, the court denied punitive damages because the harm was not felt by, nor directed at, the public generally, and plaintiff failed to allege any other entity was subject to defendants fraud. *TVT, supra.,* 412 F.3d at 95. In *United States v. Merritt Meridian Constr. Corp.,* 95 F.3d 153 (2d Cir.1996), where the plaintiff government sub-contractor claimed the defendant contractor engaged in fraud by overcharging the public purse, the court found that even such an egregious single incident perpetrated against the public was insufficient to "evince[ ] a pattern of conduct harming the general public." *Id.* at 161.

In this case, the undisputed evidence demonstrates that plaintiff was induced to enter into a contract by defendant's fraudulent misrepresentation about the actual mileage on the truck. And there is no question that Milea was motivated by profit when it sold plaintiff the truck with an odometer that defendants had to know was altered. However, in response to the motion to dismiss (and after ample time to take discovery), plaintiff offers no evidence that Milea customarily alters odometers. Instead, plaintiff argues that the fraud was directed at the general public rather than the plaintiff individually because the truck was held out for sale to the general public with an altered odometer. The argument is logical, but plaintiff has still proven only a single incident of odometer alteration. Under New York law, plaintiff cannot re-

cover punitive damages for that single incident of fraud.

### Fifth Cause of Action (Negligent Misrepresentation)

■ This claim is for negligent misrepresentation. It is pleaded in the alternative to the claim for fraud, since the misrepresentation about the actual odometer reading cannot be both fraudulent (based on actual knowledge of the real reading) and negligent (based on a theory that the defendants should have known about the real reading).

On this record, there is absolutely no evidence of negligence. All the evidence (which was discussed above) points to defendants' actual knowledge of the fact that the truck had been driven more than 100,-000 miles over the mileage shown on the odometer at the time the truck was sold to plaintiff. Furthermore, the language of the pleading itself reveals that this claim is clearly no more than a restatement of plaintiff's claim for fraud. The Fifth Cause of Action is, therefore, dismissed.

### Sixth Cause of Action (Breach of Contract)

■ Both sides seek summary judgment on the Sixth Cause of Action, for breach of contract. Defendants' motion is granted and plaintiff's cross-motion is denied.

■ Under New York law, the same set of facts cannot be the basis of recovery in both breach of contract and fraud. *See Lomaglio Assoc. Inc. v. LBK Mktg. Corp.,* 892 F.Supp. 89, 94 (S.D.N.Y.1995). Here, plaintiff has clearly stated (and has prevailed upon) its claim for fraud; the nature of the claim is that defendants deceived plaintiff by altering the odometer, thereby causing plaintiff to enter into a contract to purchase a truck that had been driven more than 100,000 miles further than plaintiff had reason to know about. That

claim sounds in fraudulent inducement, not breach of contract. Therefore, the Sixth Cause of Action is dismissed.

## Eighth Cause of Action (New York Vehicle and Traffic Law)

Neither side has moved for summary judgment on the Eighth Cause of Action, which alleges a violation of New York's Vehicle and Traffic Law § 417–A, but this court will address the matter *sua sponte.* The statute prohibits "delivery of an instrument containing false or misleading information" and expressly creates a private remedy for damages, but limits recovery to "three times the actual damages suffered by a consumer or one hundred dollars, whichever is greater." N.Y. Veh. & Traf. §§ 417–A (3–4); *see Diaz v. Paragon Motors of Woodside, Inc.,* No. CV–03–6466, 2007 WL 295602, at *1, *4 (E.D.N.Y. Jan. 29, 2007). Though plaintiff necessarily prevails on its claim that defendant delivered a certificate of title containing false information regarding the truck, for reasons set out above, plaintiff cannot recover damages over and above those due under the Federal Odometer Act.

## Ninth Cause of Action (Breach of Warranty)

The Ninth Cause of Action is for breach of warranty. As with the Third, Fourth, and Seventh Causes of Action, plaintiff seeks punitive damages for the breach of warranty claim, saying that they are available where defendant's "fraud" was flagrant, malicious, and against the public.

■■■ A claim for punitive damages stemming from a breach of warranty is judged by the same standard for punitive damages arising from a breach of contract. *Conversions for Real Estate, LLC v. Granik,* No. 570188/06, 12 Misc.3d 148(A), 2006 WL 2403960, at *1 (N.Y. Sup.Ct.App. Term 2006). For the reasons discussed in connection with plaintiffs' claims under the Fourth and Seventh Causes of Action, its claim for punitive damages in connection with the Ninth Cause of Action is stricken.

■■■ The only basis asserted by defendants for dismissing the Ninth Cause of Action altogether is that plaintiff suffered no damages. (Mem. of Law. in Supp. of Mot. to Dismiss 10, 11.) For the reasons discussed above in connection with the Fourth/Seventh Causes of Action, that argument is rejected. The breach of warrant claim will have to be tried.

## Tenth Cause of Action (Revocation/Rescission)

Plaintiff's Tenth Cause of Action is for something called "revocation." I believe that plaintiff is seeking to rescind the contract for the purchase of the truck. The claim seeks, as damages, a refund of the purchase price (which I assume means the purchase price already paid). Since that would be the proper measure of damages in rescission, the court will address the Tenth Cause of Action as though it had been pleaded in rescission.

■■■ Neither party has moved with respect to the Tenth Cause of Action. However, plaintiff cannot both recover damages on a common law claim for fraud or breach of warranty and at the same time obtain rescission of the original sale and get its money back. There is no evidence in the record that plaintiff has tendered the truck to the seller, and plaintiff's papers as filed with this court clearly evidence an interest in pursuing the fraud and breach of warranty claims. For these reason, the Tenth Cause of Action cannot be maintained, and so is dismissed sua sponte. *See Kolle v. Mainship Corp.,* 2006 WL 1085067, at *8 (E.D.N.Y. Apr. 20, 2006) *(citing Curtis v. Fordham Chrysler Plymouth,* 81 Misc.2d 566, 364 N.Y.S.2d 767, 771 (Civ.Ct. Bronx County 1975)).

### Conclusion

The Clerk of the Court is directed to enter an order (1) dismissing the Second, Fifth, Sixth and Tenth Causes of Action; (2) dismissing the Seventh Cause of Action as duplicative of the Fourth Cause of Action; (3) dismissing plaintiffs claim for punitive damages; (4) granting plaintiff's cross-motion for a judgment of liability on the First, Third, Fourth and Eighth Causes of Action; (5) disallowing damages on the Third and Eighth Causes of Action; and (6) denying all other motions by defendants.

The parties are on 48 hours notice of trial on the Ninth Cause of Action, for breach of warranty, and for a trial on damages.