The CONNECTICUT NATIONAL BANK, Plaintiff-Appellant,

v.

FLUOR CORPORATION and Fluor Acquisition Corporation, Defendants-Appellees.

No. 41, Docket 86–7394.

United States Court of Appeals, Second Circuit.

Argued Nov. 26, 1986.

Decided Jan. 5, 1987.

---

Thomas J. Groark, Jr., Hartford, Conn. (James Sicilian, and Day, Berry & Howard, Hartford, Conn., on the brief), for plaintiff-appellant.

Edmund H. Kerr, New York City (Jonathan I. Blackman, and Cleary, Gottlieb, Steen & Hamilton, New York City, on the brief), for defendants-appellees.

Before TIMBERS, PRATT and ALTIMARI, Circuit Judges.

TIMBERS, Circuit Judge:

Appellant, The Connecticut National Bank ("CNB"), appeals from a judgment entered May 7, 1986 in the District of Connecticut, T. Emmet Clarie, *District Judge*, granting a motion of appellees Fluor Corporation and Fluor Acquisition Corporation ("Fluor") to dismiss CNB's amended complaint for failure to state a claim upon which relief can be granted and, with respect to Count I of the amended complaint, for failure to plead fraud with particularity. CNB's complaint alleged a claim under §§ 14(d) and (e) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78n(d) and (e) (1982) (the Williams Act), and three state law claims. The order dismissing the amended complaint granted leave to plaintiff to "amend its complaint within twenty days, provided it wishes to correct the legal inadequacies of said complaint."

The district court dismissed the Williams Act claim on the ground that CNB's allegations regarding scienter failed to satisfy the particularity requirement of Fed.R.

Civ.P. 9(b). The court dismissed the state law claims on the ground that, in view of the dismissal of the Williams Act claim, the court lacked pendent jurisdiction over the state law claims.

On appeal, CNB argues that the district court erred in dismissing the Williams Act claim since its allegations of scienter satisfied the particularity requirement of Rule 9(b). CNB also argues that the court erred in dismissing two of the state law claims since its complaint predicated jurisdiction over those claims on diversity of citizenship as well as on pendent jurisdiction.

We hold that the district court correctly dismissed the Williams Act claim since CNB's allegations of scienter failed to comply with the requirements of Rule 9(b). But we hold that the district court erred in dismissing the state law claims CNB pressed on appeal.

We affirm in part; and reverse and remand in part.

## I.

CNB, plaintiff below, is a national bank and a Connecticut corporation. Its principal place of business is Hartford. During the period of time when the events leading to the instant dispute occurred, CNB was known as the Hartford Bank and Trust Company. CNB is the Hartford Bank's successor in interest.

Fluor Corporation, one of the defendants below, is a Delaware corporation. Its principal place of business is in Irvine, California. Fluor Acquisition Corporation, the other defendant below, is a New York corporation. Its principal place of business is in New York City.

The complaint alleged that the amount in controversy, exclusive of interest and costs, exceeded $10,000.

Accordingly, in addition to federal question jurisdiction with respect to the Williams Act claim, the complaint alleged diversity jurisdiction which becomes relevant to the state law claims which we discuss below.

On April 6, 1981, Fluor made a tender offer for 20,410,000, or approximately 45%, of the common shares of St. Joe Minerals Corporation ("St. Joe"). We previously have stated the facts relating to that tender offer on an appeal from the dismissal of a class action brought by St. Joe stockholders. *Schlesinger Investment Partnership v. Fluor Corporation*, 671 F.2d 739 (2 Cir.1982). We assume familiarity with that opinion. We summarize only those additional facts believed necessary to an understanding of the issues raised on the instant appeal.

Fluor's offer to purchase for cash ("the offer") the St. Joe stock stated conspicuously on its cover page that "The Offer Will Expire at 12:00 Midnight, New York City Time, on Friday, May 1, 1981, Unless Extended." Page 2 of the offer, however, stated in smaller print the following oversubscription restriction:

"If more than 20,410,000 Shares are properly tendered by 12:00 midnight, New York City time, on Wednesday, April 15, 1981, and are not withdrawn, [Fluor] ... will purchase 20,410,000 Shares on a pro rata basis ... according to the number of Shares tendered by each stockholder. If fewer than 20,410,-000 Shares are properly tendered by such time and not withdrawn, [Fluor] ... will purchase all Shares so tendered and any Shares properly tendered thereafter and prior to the Expiration Date [i.e., May 1, 1981] in the order tendered until 20,410,-000 Shares have been purchased."

On April 14, 1981, the Hartford Steam Boiler Company ("Steam Boiler") requested CNB, the custodian of its securities, to tender 50,000 of its St. Joe shares to Fluor. CNB did not comply with this request until some date after April 15 but before May 1, 1981. The exact date is not identified in the record. Fluor refused CNB's tender of Steam Boiler's St. Joe shares since more than 20,410,000 shares had been tendered by 12:00 midnight on April 15, 1981.

On May 4, 1981, CNB purchased from Steam Boiler 39,000 of its St. Joe shares. That number of shares represented the

number that Fluor, by virtue of the proration requirements of the Williams Act, would have purchased had CNB tendered the 50,000 shares before midnight on April 15. On May 12, 1981, CNB resold, at a net loss of more than $550,000, the St. Joe shares it had purchased from Steam Boiler.

CNB commenced the instant action on April 25, 1985. On July 10, 1985, Fluor filed a motion to dismiss the complaint for failure to state a claim upon which relief could be granted pursuant to Fed.R.Civ.P. 12(b)(6). Before the district court could decide this motion, CNB filed an amended complaint on August 5, 1985. The amended complaint alleged that Fluor's failure to print the oversubscription restriction in the same paragraph with, and in the same size print as, the May 1, 1981 expiration date, and its failure in other ways to emphasize that restriction, constituted misstatements and omissions of material facts in the description of the tender offer in violation of the Williams Act. The only allegations regarding scienter were as follows:

> "Fluor intended to mislead the shareholders or their agents, commercial banks or custodians by the aforesaid misstatements and omissions, or knew or should have known that the misstatements and omissions would mislead and confuse the shareholders or their agents, commercial banks, or custodians and acted recklessly and wantonly in communicating the terms of the offer."

The amended complaint also alleged state law claims under the Connecticut Unfair Trade Practices Act, ("CUTPA"), Conn. Gen.Stat.Ann. § 42–110a, et seq. (1960 & West Supp.1986), and for common law misrepresentation and breach of contract. The amended complaint predicated jurisdiction over the state law claims on both diversity of citizenship and pendent jurisdiction.

On September 10, 1985, Fluor filed a motion to dismiss the amended complaint under Rules 9(b) and 12(b)(6). The district court granted this motion in an opinion dated April 29, 1986, i.e., it dismissed the Williams Act claim for failure to plead with particularity and the state law claims for lack of pendent jurisdiction. On May 7, 1986, judgment was entered on the court's opinion dismissing the amended complaint. This appeal followed.

For the reasons stated below, we affirm the judgment of the district court insofar as it dismissed CNB's Williams Act claim and the CUTPA claim, but we reverse and remand insofar as it dismissed the state law claims.

## II.

We turn first to the threshold question whether we have appellate jurisdiction in this case in which the judgment appealed from was entered upon an order of the district court which dismissed the complaint, with leave to plaintiff to "amend its complaint within twenty days, provided it wishes to correct the legal inadequacies of said complaint."

It is well settled in this Court that such dismissals with leave to amend are not "final decisions" within the meaning of 28 U.S.C. § 1291 (1982) and therefore are not appealable absent a certificate under Fed. R.Civ.P. 54(b) or 28 U.S.C. § 1292(b) (1982). *Blanco v. United States,* 775 F.2d 53, 56 (2 Cir.1985) (Friendly, J.); *Elfenbein v. Gulf & Western Indus., Inc.,* 590 F.2d 445, 448 (2 Cir.1978); *Kozemchak v. Ukrainian Orthodox Church of America,* 443 F.2d 401, 401 (2 Cir.1971); *Epton v. Hogan,* 355 F.2d 203, 203 (2 Cir.1966); *ABC v. Wahl Co.,* 121 F.2d 412, 413 (2 Cir.1941); *Atwater v. North American Coal Corp.,* 111 F.2d 125, 125 (2 Cir.1940); *see* 9 Moore's Federal Practice ¶ 110.08[1], at 114–15 (2d ed. 1986).

At oral argument before us, however, the presiding judge resolved the dilemma presented by the purported appeal from an interlocutory judgment in what strikes us as a sensible way. In response to Judge Pratt's inquiry of appellant's counsel as to whether he intended, after our decision, to file a further amended complaint, appellant's counsel responded unequivocally in the negative. We are satisfied that such disclaimer of intent to amend effectively cures the nonfinal character of the judgment from which the appeal has been tak-

en. We do note, however, that the better practice would have been for counsel to have included in the record on appeal a written disclaimer of intent to amend, thus obviating a possible summary dismissal of the appeal with costs.

## III.

We turn next to CNB's argument that the district court erred in dismissing the Williams Act claim since its allegations of scienter satisfied the particularity requirement of Rule 9(b).

At the outset, we assume it is common ground that there was nothing inherently illegal or unfair about the inclusion of an oversubscription restriction in Fluor's offer. Section 14(d)(6) of the Williams Act requires persons who offer to buy fewer than all outstanding shares of a corporation to purchase on a pro rata basis those shares tendered within ten days after the offer is made, if, at that point, more than the desired number of shares have been tendered. 15 U.S.C. § 78n(d)(6). Fluor's oversubscription restriction complied with § 14(d)(6) and with rules promulgated under the Williams Act by the Securities and Exchange Commission ("SEC") in effect at the time the tender offer was made. *See Pryor v. United States Steel Corp.*, 794 F.2d 52, 55 & n. 5 (2 Cir.) (discussing proration requirement and recent change in SEC rules), *cert. denied*, 107 S.Ct. 445 (1986). Nor can an inference of illicit motive be drawn from the distinction between the proration cut-off date of April 15 and the offer expiration date of May 1. Whereas § 14(d)(6) and the SEC rules in effect in 1981 required a proration cut-off date of ten days after the offer was made, SEC Rule 14e–1 required every tender offer to be held open for at least 20 business days. 17 C.F.R. § 240.14e–1 (1986). Since Fluor made its offer on April 6, the appropriate proration cut-off date was April 15, and the expiration date lawfully could not have been before May 1.

CNB did not challenge Fluor's inclusion of the oversubscription restriction or the use of different dates for proration and expiration. CNB did challenge the manner in which the offer presented those different dates. The district court held that, although CNB had alleged misrepresentation or omission of material facts, CNB had failed to plead scienter with the particularity required by Rule 9(b). We agree.

It is well settled in this Circuit that scienter is a necessary element of a claim for damages under § 14(e) of the Williams Act. *Lowenschuss v. Kane*, 520 F.2d 255, 268 n. 10 (2 Cir.1975); *Chris-Craft Industries, Inc. v. Piper Aircraft Corp.*, 480 F.2d 341, 364 (2 Cir.), *cert. denied*, 414 U.S. 910 (1973). To prevail under § 14(e), therefore, a plaintiff must plead and prove "an intent to defraud", "knowledge of falsity", or a "reckless disregard for the truth". *Chris-Craft, supra*, 480 F.2d at 363. Allegations or proof of "mere negligent conduct" are insufficient.

We previously have examined the concept of scienter, and the allegations of scienter that must be made to survive a motion to dismiss, in the context of claims under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (1982), and SEC Rule 10b–5, 17 C.F.R. § 240.10b–5 (1986). *E.g., Goldman v. Belden*, 754 F.2d 1059, 1070–71 (2 Cir.1985); *Decker v. Massey-Ferguson, Ltd.*, 681 F.2d 111, 115–16, 119–20 (2 Cir.1982); *Ross v. A.H. Robbins Co.*, 607 F.2d 545, 555–58 (2 Cir.1979), *cert. denied*, 446 U.S. 946 (1980); *see also Crystal v. Foy*, 562 F.Supp. 422, 424–25 (S.D. N.Y.1983) (Weinfeld, J.). Insofar as these cases deal with the adequacy of allegations of scienter, they are applicable to claims under the Williams Act. *Chris-Craft, supra*, 480 F.2d at 362 (principles developed under Rule 10b–5 are applicable in determining whether § 14(e) violations were committed); *see also Schreiber v. Burlington Northern, Inc.*, 472 U.S. 1, 10 (1985) (§ 14(e) is "modeled on the anti-fraud provisions of § 10(b) ... and Rule 10b–5").

Our cases dealing with scienter have examined allegations of that element

in light of the particularity requirements of Rule 9(b) which provides in relevant part:

"In all averments of fraud ..., the circumstances constituting fraud ... shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

Consistent with the language of the Rule, we have recognized that "great specificity [is] not required with respect to ... allegations of ... scienter." *Goldman, supra,* 754 F.2d at 1070. The absence of a requirement that scienter be alleged with "great specificity" is based on the premise that a plaintiff realistically cannot be expected to plead a defendant's actual state of mind. *Ross, supra,* 607 F.2d at 558. This does not mean, however, that plaintiffs are relieved of their burden of pleading circumstances that provide at least a minimal factual basis for their conclusory allegations of scienter. "It is reasonable to require that the plaintiffs specifically plead those events" which "give rise to a strong inference" that the defendants had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth. *Id.* This CNB failed to do.

■ The amended complaint is barren of any factual basis for CNB's conclusory allegations of scienter. Indeed, the events alleged in the complaint give rise to an inference that Fluor did not act fraudulently. Fluor offered to pay $60 per share to St. Joe shareholders for their common stock. At the time of the offer, St. Joe was resisting a takeover attempt by Joseph E. Seagram & Sons, Inc. ("Seagram"). Seagram was offering $45 per share. On the facts pleaded, there is no plausible reason why Fluor would have any intention to deceive St. Joe shareholders about the proration date of its tender offer. Indeed, it was in Fluor's interest to acquire the shares as quickly as possible. The longer it took to obtain the desired number of shares, the greater the risk that Seagram would better Fluor's offer. As aptly stated by Judge Clarie, "Fluor had every possible interest to encourage as many St. Joe shareholders as possible to tender by April

15, 1981, and no interest at all in misleading them into waiting until May 1, 1981." Although we are mindful of our responsibility, in reviewing decisions on motions to dismiss, "to read the complaint with great generosity", *Yoder v. Orthomolecular Nutrition Institute, Inc.,* 751 F.2d 555, 558 (2 Cir.1985), we surely agree with the district court here that CNB failed to meet its pleading burden under Rule 9(b).

CNB argues that our decision in *Schlesinger, supra,* 671 F.2d 739, requires that we reverse the district court's dismissal of the Williams Act claim. In *Schlesinger,* we reversed the judgment dismissing a complaint under Rule 12(b)(6) in a class action by St. Joe shareholders. In the instant case, we reject CNB's argument chiefly for two reasons. First, the procedural posture of the case at the time of the appeal in *Schlesinger* was significantly different than that in the instant case. The district court in *Schlesinger* dismissed the complaint sua sponte after a status conference. The court did not give notice to the parties that such dismissal was contemplated. Leave to replead was denied. No opportunity to conduct discovery was afforded. Here, the district court ruled on Fluor's motion after CNB already had amended its complaint, after motion papers and briefs had been filed by both sides and after a hearing. Second, CNB's reliance on *Schlesinger* is misplaced because there the issue of the adequacy of the scienter allegations was not before us. That of course is the critical issue before us in the instant case.

Accordingly, we hold that the district court did not err in dismissing the Williams Act claim since CNB's allegations of scienter failed to comply with the requirements of Rule 9(b).

In light of this holding, we find it neither necessary nor appropriate to reach Fluor's arguments that, whether or not the requirements of Rule 9(b) were complied with, the Williams Act claim should have been dismissed on the grounds that CNB

lacked standing and that the claim was barred by the statute of limitations.

### IV.

We turn finally to CNB's claims based on the dismissal of its state law claims. CNB's amended complaint alleged state law claims under a Connecticut statute, CUTPA, and for common law misrepresentation and breach of contract. The district court dismissed these claims on the ground that, in view of its dismissal of the Williams Act claim, the court lacked pendent jurisdiction over the state law claims. On appeal, CNB presses only the common law claims, having withdrawn its claim under CUTPA in view of the decision of the Connecticut Supreme Court on June 10, 1986 that CUTPA does not apply to the purchase and sale of securities. *Russell v. Dean Witter Reynolds, Inc.*, 200 Conn. 172, 510 A.2d 972 (1986).

As for the common law claims, CNB argues that the district court erred in dismissing them since CNB in its amended complaint predicated jurisdiction over those claims on diversity of citizenship as well as on pendent jurisdiction. We agree.

Fluor agrees that the district court erred, but argues that the common law claims should be dismissed for a variety of other reasons. We believe that the other reasons raised by Fluor for dismissal of the common law claims should be considered in the first instance by the district court. It strikes us as quite unlikely that the experienced and conscientious district judge below would have failed to rule on CNB's state law claims if his attention had been drawn to the *diversity* jurisdiction basis for those claims at the time of briefing and argument in the district court, or, at the latest, by a motion for reconsideration after his opinion was filed and before taking this appeal.

Accordingly, we hold that the district court erred in dismissing the state law claims and we remand the case to the district court for adjudication of those claims.

### V.

To summarize:

While Fed.R.Civ.P. 9(b) does not require that scienter be pleaded with great particularity, a plaintiff, nevertheless, must allege circumstances that provide at least a minimal factual basis for allegations of scienter. CNB alleged no such circumstances. We therefore hold that the district court did not err in dismissing CNB's Williams Act claim, since CNB's conclusory allegations of scienter failed to comply with the requirements of Rule 9(b).

We further hold that the district court erred in dismissing the state law claims for lack of pendent jurisdiction since jurisdiction over those claims also was based on diversity of citizenship. Although Fluor urges other reasons for dismissal of the state law claims, those reasons should be considered in the first instance by the district court.

We affirm the judgment of the district court insofar as it dismissed the Williams Act claim and the claim under CUTPA. We reverse the judgment insofar as it dismissed the state law claims. The case is remanded to the district court for adjudication, pursuant to its diversity jurisdiction, of Fluor's motion to dismiss the state law claims.

Affirmed in part; reversed and remanded in part.