Thomas W. LYDON, individually and on behalf of all persons similarly situated, Plaintiff,

v.

ESTATE OF Irwin WINSTON, Marc Winston, Paul Winston, Sidney Horn, and John Doe I through X, Defendants.

No. 88 Civ. 5662 (KTD).

United States District Court, S.D. New York.

July 11, 1989.

Wolf Haldenstein Adler Freeman & Herz, New York City, Sachnoff Weaver & Rubenstein, Ltd., Chicago, Ill., for plaintiff; Fred Taylor Isquith, New York City, Lowell E. Sachnoff, Charles R. Watkins, Chicago, of counsel.

Goodkind, Wechsler, Labaton & Rudoff, New York City, for defendants; Edward Labaton, Martiss V. Anderson, Fredric S. Eisenberg, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Defendants Estate of Irwin Winston, Marc Winston, Paul Winston, and Sidney Horn (jointly "Winston Group") move pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6) to dismiss the complaint. Plaintiff Thomas W. Lydon opposes the motion.

## BACKGROUND

This action arises out of a "squeeze-out" merger carried out by the Winston Group in August 1985 between Winston Network,

Inc. ("WNI"), a publicly held corporation primarily owned by the Winston Group, and WNI Acquisition Corp. ("WNIAC"), a corporation controlled by the Winston Group. The merger was effected under the "short-form merger" provision of Delaware General Corporation Law. Lydon essentially charges that in the course of the merger he and other members of the purported class of minority public stockholders, were fraudulently induced to sell their shares of WNI for far less than the actual value.

Lydon claims that the alleged fraud is evident from the fact that approximately seventeen months after the merger, although no business developments or changes had occurred, WNIAC sold WNI for a substantial profit. Lydon's only allegation of a statement or omission in the course of the merger that might constitute fraud is that, in notifying the public stockholders of the merger and the stock's purchase price, the Winston Group failed to also advise that it planned to resell WNI stock at a higher price. At no time does the complaint allege that the Winston Group had a specific buyer in mind or that any level of purchase negotiations were underway but were hidden from the public stockholders.

Based on the above facts, Lydon's complaint claims the following causes of action: (1) fraud in violation of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (1982) and Rule 10b–5, 17 C.F.R. § 240.10b–5 (1987), (2) breach of fiduciary duties, (3) common law fraud, (4) negligent misrepresentation, and (5) naming only Sidney Horn, fraud by a controlling person in violation of § 20 of the Securities Exchange Act of 1934, 15 U.S.C. § 78t (1982 & Supp. V 1987).

## DISCUSSION

■ It is well settled that a complaint alleging violation of § 10(b) and Rule 10b–5 must satisfy the particularity requirement of Rule 9(b). *See Decker v. Massey–Ferguson, Ltd.*, 681 F.2d 111, 114 (2d Cir.1982). Likewise, allegations of fraud on the part of a controlling person must comply with

Rule 9(b). Fraud allegations must specify the time, place, speaker, and content of the alleged misrepresentation. Generally, Rule 9(b) pleadings cannot be based on information and belief. *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir.1987).

■ Facts particularly within the knowledge of the defendant may be alleged based on information and belief; however, even then some factual basis for conclusory allegations of intent must be provided. *Id.; Beck v. Manufacturers Hanover Trust Co.*, 820 F.2d 46, 50 (2d Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988). Thus a complaint must " 'specifically plead those events' which 'give rise to a strong inference' that defendants had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth." *Connecticut National Bank v. Fluor Corp.*, 808 F.2d 957, 962 (2d Cir.1987) (citing *Ross v. A.H. Robins Co.*, 607 F.2d 545, 558 (2d Cir.1979), *cert. denied*, 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980)).

■ The required inference of fraudulent intent may be pled through facts "showing a motive for committing fraud and a clear opportunity for doing so" or other circumstances indicating "conscious behavior by the defendants." *Beck*, 820 F.2d at 50. Lydon's allegations however lack sufficient specificity to support an inference of fraud.

Lydon baldly asserts that the simple fact that the Winston Group turned a profit is sufficient to infer a motive and opportunity for fraud and conscious behavior by the Winston Group in furtherance of such a fraud. Yet, at no time does Lydon allege the actual worth of the WNI shares at the time of the merger. Neither does he allege any facts that would allow the limited inference that the Winston Group made efforts, prior to the merger, to discover whether WNI could be sold.

The allegation that the Winston Group "knew that a third-party buyer for WNI shares could and would be located *after* the WNI–WNI[AC] 'squeeze-out' merger,"

602

Complaint, ¶ 42(b) (emphasis added), is not sufficient. Even if the fact of such a plan is an actionable omission, there are no factual allegations that support an inference that the alleged plan to find a buyer in the future had been formulated prior to the merger. The situation alleged by Lydon, where properly pleaded, may establish a claim for breach of fiduciary duty or unfair price, but they do not establish fraud in violation of the securities laws.

Because the allegations regarding the underlying fraud are not plead with sufficient particularity to survive Rule 9(b) scrutiny, the allegations that Horn, as a controlling person, participated in the fraud, are also insufficient. *Cf. Metzner v. D.H. Blair & Co.*, 689 F.Supp. 262, 265–66 (S.D.N.Y.1988).

■ In any event, the purported § 10(b) cause of action does not state a claim upon which relief can be granted. The Supreme Court, reviewing a case with a startlingly similar legal claim, held that allegations of fraud in setting the price offered for minority shareholders' stocks during a "short-form merger" under Delaware Corporation Law did not state a claim under § 10(b). *Santa Fe Indust., Inc. v. Green*, 430 U.S. 462, 97 S.Ct. 1292, 51 L.Ed.2d 480 (1977). Specifically, the Court "refused to construe Section 10(b) to prohibit 'instances of corporate mismanagement ... in which the essence of the complaint is that shareholders were treated unfairly by a fiduciary.'" *Field v. Trump*, 850 F.2d 938, 946 (2d Cir.1988) (quoting *Santa Fe Indust.*, 430 U.S. at 473, 97 S.Ct. at 1301), *cert. denied sub nom. Trump v. Field*, —— U.S. ——, 109 S.Ct. 1122, 103 L.Ed.2d 185 (1989).

Thus, to the extent that Lydon's complaint alleges such omissions from the representations made to minority stockholder's during the merger, it is not actionable under the federal securities laws. The dependent cause of action against Horn must, again, also fail.

For the foregoing reasons, the Winston Group's motion to dismiss the federal securities laws causes of action in the complaint must be granted. Because the federal claims are dismissed, the pendent state law claims must also be dismissed. Lydon's complaint is therefore dismissed in its entirety.

SO ORDERED.