Kenneth E. OECHSNER, Jacqueline A. Zimmerman, and Robert Newton; on behalf of all others similarly situated, and on behalf of The Avondale Industries, Inc. Employee Stock Ownership Plan and Trust, Plaintiffs–Appellants,

v.

CONNELL LIMITED PARTNERSHIP, Connell Industries, Inc., Estate of William F. Connell, deceased, Avondale Industries Inc., Ogden Corporation, Trustees of the Avondale Industries Inc. Employee Stock Ownership Trust and the Administrative Committee of the Avondale Industries, Inc. Employee Stock Ownership Plan, Defendants–Appellees.

No. 03–9093.

United States Court of Appeals, Second Circuit.

June 15, 2004.

850

Stephen J. Riebling, Jr., Brewster, New York, (Karen A. Murphy, Robert S. Wolfe, Edward M. Murphy, II, on the brief), for Plaintiffs–Appellants.

James R. Carroll, Skadden, Arps, Slate, Meagher & Flom LLP, New York, New York (Matthew J. Matule, Michael S. Hines, on the brief), for Connell Defendants–Appellees.

Gregory C. Braden, Alston & Bird, LLP, Atlanta, Georgia (Michael G. Monnolly, on the brief), for Avondale Defendants–Appellees.

Present: VAN GRAAFEILAND, KEARSE, and WESLEY, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the District Court be **AFFIRMED.**

Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues. *See Oechsner v. Connell Limited Partnership,* 283 F.Supp.2d 926 (S.D.N.Y.2003).

Upon extensive review of the record, we affirm the district court's holding that appellants' claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.,* are time-barred. Under ERISA, claims generally must be brought within the earlier of "(1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation." 29 U.S.C. § 1113. We agree with the district court that in this case, the three-year limitations period applies as appellants had actual knowledge of all the relevant information with regard to appellees' alleged breach or violation by mid–1987. *See Caputo v. Pfizer, Inc.,* 267 F.3d 181, 193 (2d Cir.2001) ("[A] plaintiff has 'actual knowledge of the breach or violation' ... when he has knowledge of all material facts necessary to understand that an ERISA fiduciary has breached his or her duty or otherwise violated the Act."). Even assuming that the six-year limitations period of 29 U.S.C. § 1113(1) applies, we conclude that appellants' ERISA claims are time-barred as they were brought more than six years after "the last date upon which [the defendants] could have made a relevant misrepresentation or upon which a clarifying communication could have prevented [the appellants'] detrimental reliance." *In re Unisys Corp. Retiree Medical Benefit ERISA Litigation,* 242 F.3d 497, 505 (3d Cir.2001).

■ Appellants' claims are based upon the allegation that they:

> voted [their] ESOP shares in favor of the Divestiture based, and in reliance, upon the representations, expressed and implied, that [their] employee benefits and compensation at [Connell Limited Partnership (CLP)] would be substantially similar to, or better than, the benefits and compensation programs already being provided by Avondale.

(Comp.¶¶ 7–9) The Divestiture transaction closed on March 27, 1987 (Compl.¶ 53); on July 6 of that year, CLP "announced the

establishment of CLP's Pension Plan" and, at or about the same time, provided to appellants a statement of its terms and the terms of other CLP benefit plans (Compl.¶¶ 76, 78–80). Thus, the claims became time-barred no later than mid–1993, nine years before appellants filed their complaint.

The "fraud or concealment" exception of section 1113 does not apply to appellants. When claiming fraud or concealment a plaintiff's complaint must "specify the time, place, speaker, and content of the alleged misrepresentations." *Caputo*, 267 F.3d at 191 (*discussing* Fed.R.Civ.P. 9(b)). "[T]he complaint should explain how the misrepresentations were fraudulent and 'plead those events which give rise to a strong inference that the defendant[ ] had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth.'" *Id.* (*quoting Conn. Nat'l Bank v. Fluor Corp.*, 808 F.2d 957, 962 (2d Cir. 1987)) (alterations in original). Appellants failed to plead with the necessary particularity and thus, their claims do not fall within the exception.

■ Appellants' claims pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, are also time-barred. The civil RICO statute has a four-year limitations period that starts to run when the plaintiff discovers or should have discovered the RICO injury. *Rotella v. Wood*, 528 U.S. 549, 553, 120 S.Ct. 1075, 145 L.Ed.2d 1047 (2000). Like the ERISA claims, appellants should have discovered the alleged RICO injury by mid–1987. Appellants' RICO claims are therefore time-barred. Again, appellants failed to plead fraud with any particularity and therefore are not entitled to the fraudulent-concealment exception. Appellants did not move in the district court to amend the complaint.

Finally, even if appellants' federal common law claims are not preempted by ERISA, appellants needed to bring their claims within six years of mid–1987. Again, their failure to do so time-bars their suit against appellees.

Appellants' motion to reassign the case on remand is denied as unnecessary in light of this order.

For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.