614 F.Supp.2d 446 (2009)
DIRECTV LATIN AMERICA, L.L.C. et al., Plaintiffs,
v.
PARK 610, L.L.C. et al., Defendants.
No. 08 Civ. 3987 (VM).
United States District Court, S.D. New York.
April 30, 2009.
*447 Steven Glen Mintz, Terence William McCormick, Mintz & Gold LLP, New York City, NY, for Plaintiffs.
Vitaly David Rivkin, Jooyun Kim, Fox Horan & Camerini LLP, David Clifford Burger, Robinson Brog Leinwand Greene Genovese & Gluck PC, New York, NY, for Defendants.

DECISION AND ORDER
VICTOR MARRERO, District Judge.

I. BACKGROUND

Plaintiff DirecTV Latin America, LLC ("DirecTV") brought this action on its own behalf and as a derivative suit on behalf of Latin American Sports, LLC ("LAS"), alleging breach of fiduciary duty and other common law claims against defendants Park 610, LLC ("Park 610"), Carlos Vicente Avila ("Avila"), Roberto Timistit ("Timistit"), Carlos Pratola ("Pratola"), Alejandro Zunda Cornell ("Zunda"), and Diego Clemente ("Clemente") (collectively "Defendants"). The litigation arises from Defendants' alleged wrongful conduct pertaining to the formation of LAS as a joint venture of DirecTV and Park 610. Defendants filed two separate motions to dismiss the complaints, one submitted by Park 610, Avila, and Timistit (the "Park 610 Defendants") and one by Pratola, Zunda, and Clemente. DirecTV moved to file a Second Amended Complaint. Pratola, Zunda, and Clemente moved to stay further proceedings pending the Court's rulings on the various motions.
Magistrate Judge Gabriel Gorenstein, to whom this matter had been referred for supervision of pretrial proceedings, on his own motion raised a question as to whether complete diversity of citizenship, and thus subject matter jurisdiction, existed in this case in view of the shared citizenship of LAS with either Park 610 or DirecTV that would result from the realignment of LAS as either a plaintiff or a defendant for the purposes of the analysis of a party's citizenship in a derivative action.
By Order dated March 18, 2009, 2009 WL 692202, Magistrate Judge Gabriel Gorenstein issued a Report and Recommendation (the "Report"), a copy of which is attached and incorporated herein, finding that subject matter jurisdiction does not exist in this action because complete diversity was destroyed by the citizenship of LAS and Zunda. Consequently, Magistrate Judge Gorenstein recommended that the action be dismissed, but with leave to file an amended complaint removing some claims and defendants to cure the jurisdictional defects. The Report further recommended that the orders of attachment of certain assets of Avila, Pratola, and Clemente that DirecTV had obtained in connection with this litigation remain in place. The Report recommended that the attachment as to Zunda be vacated because any claims against Zunda would need to be dropped to achieve diversity and give the Court subject matter jurisdiction.
DirecTV filed timely qualified objections to the Report, challenging its recommendations only if intended to preclude DirecTV from pursuing direct claims for breach of fiduciary duty as set forth in its Fifth Cause of Action. The Park 610 Defendants and Avila separately filed objections challenging the continuation of the attachment of Avila's property, taking issue with DirecTV's objections, and seeking an order awarding fees and costs for the alleged wrongful restraint of the property at issue. Pratola, Zunda, and Clemente similarly submitted objections to the attachments issued as to their assets and demanded that the restraints be dissolved upon dismissal of the action. For the reasons stated below, the Court adopts the Report in its entirety.

*448 II. STANDARD OF REVIEW

A district court evaluating a Magistrate Judge's report may adopt those portions of the report to which no "specific, written objection" is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law. Fed.R.Civ.P. 72(b); see also Thomas v. Arn, 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); Greene v. WCI Holdings Corp., 956 F.Supp. 509, 513 (S.D.N.Y.1997). "Where a party makes a `specific written objection... after being served with a copy of the [magistrate judge's] recommended disposition,' however, the district court is required to make a de novo determination regarding those parts of the report." Cespedes v. Coughlin, 956 F.Supp. 454, 463 (S.D.N.Y.1997) (citing United States v. Raddatz, 447 U.S. 667, 676, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). The Court is not required to review any portion of a Magistrate Judge's report that is not the subject of an objection. See Thomas, 474 U.S. at 149, 106 S.Ct. 466. A district judge may accept, set aside, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge as to such matters. See Fed.R.Civ.P. 72(b); DeLuca v. Lord, 858 F.Supp. 1330, 1345 (S.D.N.Y.1994).

III. DISCUSSION

Having conducted a review of the full factual record in this litigation, including the pleadings, the papers submitted in connection with the parties' underlying motions and Magistrate Judge Gorenstein's sua sponte motion, the objections filed in this proceeding, as well as the Report and applicable legal authorities, the Court concludes that the findings, reasoning, and legal support for the recommendations made in Report are not clearly erroneous or contrary to law and are thus warranted.
Specifically, the Court finds that, as noted in the Report, complete diversity of citizenship, and therefore subject matter jurisdiction, does not exist by reason of the shared citizenship of LAS and the citizenship of Zunda. With regard to DirecTV's objection to the Report's recommendation concerning the Fifth Cause of Action, as the Court reads the Report there is no intent to preclude DirecTV from asserting a direct, non-derivative claim of breach of fiduciary duty. DirecTV's objections, insofar as they are grounded on a contrary interpretation, are denied. With respect to the attachments of the property of Avila, Pratola, and Clemente, the Court finds that because the order of dismissal is granted with leave to replead, no final decision has been rendered, nor has a determination been made that the attachments were wrongful. See City of New York v. Smokes-Spirits.Com, Inc., 541 F.3d 425, 453 (2d Cir.2008) (dismissal with leave to replead certain federal claims constitutes an interlocutory action because it does not end the litigation); Connecticut Nat. Bank v. Fluor Corp., 808 F.2d 957, 960 (2d Cir.1987). Maintaining the attachments in place is thus warranted and the Court will so order. By the same token, an award of fees and costs to Defendants on this basis would be premature at this juncture in the litigation.
Accordingly, for substantially the reasons set forth in the Report the Court adopts the Report's recommendations in their entirety.
The Court agrees with the Report's recommendation to vacate the attachment against Zunda, against whom no claims may be asserted in this action without destroying diversity. The Court notes that although the order of attachment as to Clemente has been confirmed, DirecTV's motion to confirm orders of attachment as to Avila, Pratola, and Zunda *449 is pending. Avila filed a memorandum of law in opposition to the motion; Pratola did not. Although Pratola has objected to the Report's recommendation that the attachment against him should remain in place, that objection does not address the factors that the Court must consider when deciding whether to confirm an order of attachment.[1] The Court will confirm the order of attachment as to Pratola as unopposed, and will address the motion as to Avila in a separate order in the event DirecTV files an amended complaint as authorized by this Decision. If DirecTV does not further amend the complaint, the attachment order as to Avila will be vacated.

IV. ORDER

For the reasons discussed above, it is hereby
ORDERED that the Report and Recommendation of Magistrate Judge Gabriel Gorenstein dated March 18, 2009 (Docket No. 126) is adopted in its entirety, and the objections of defendants Carlos Vicente Avila ("Avila") (Docket No. 130), Diego Clemente ("Clemente"), Carlos Pratola ("Pratola"), and Alejandro Zunda Cornell ("Zunda") (Docket No. 132), and of plaintiff, DirecTV Latin America, LLC ("DirecTV") (Docket No. 131) are DENIED; and it is further
ORDERED that the Clerk of Court is directed to dismiss the complaint in this action, provided that DirecTV shall have leave to replead within twenty days of the date of this Order as to any defendants and causes of action that would satisfy the requirements for the Court's exercise of jurisdiction under diversity of citizenship; and is it is further
ORDERED that the motion to confirm the orders of attachment authorizing restraint of property belonging to Avila, Pratola, and Zunda (Docket No. 15) is GRANTED as to property belonging to Pratola; and it is further
ORDERED that the orders of attachment issued in this action authorizing the restraint of property belonging to Clemente and Pratola shall remain in effect, but the orders shall be vacated in the event DirecTV does not file an amended complaint as authorized by this Order; and it is further
ORDERED that the order of attachment issued in this action authorizing the restraint of property belonging to Avila shall remain in effect until a final determination of the motion to confirm such attachment, but the order shall be vacated in the event DirecTV does not file an amended complaint as authorized by this Order; and it is finally
ORDERED that the order of attachment issued in connection with this action restraining property of Zunda (Docket No. 3) is vacated.
The Clerk of Court is directed to withdraw any pending motions and to close this case.
SO ORDERED.
NOTES
[1] These factors are: "the grounds for the attachment, the need for continuing the levy, and the probability for success on the merits." Musket Corp. v. PDVSA Petroleo, S.A., 512 F.Supp.2d 155, 160 (S.D.N.Y.2007).