10-2222-cv
Jackson v. NYS Department of Labor

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of June, two thousand eleven.

PRESENT:  ROGER J. MINER,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

-------------------------------------------------------------------

SHELLEY JACKSON,
*Plaintiff-Appellant*,

v.                                                                          No. 10-2222-cv

NYS DEPARTMENT OF LABOR,
*Defendant-Appellee.*

-------------------------------------------------------------------

FOR APPELLANT:        Shelley Jackson, *pro se*, Flushing, New York.

FOR APPELLEE:         Barbara D. Underwood, Solicitor General, Richard Dearing, Deputy Solicitor General, Ann P. Zybert, Assistant Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Victor Marrero, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED.

Shelley Jackson, *pro se*, appeals the dismissal of her lawsuit against her employer, the New York State Department of Labor. Below, Jackson filed two bare-bones complaints in which she claimed that the Department of Labor had discriminated and retaliated against her in various ways but which did not include certain basic facts, including her race, gender, or religion, or make clear what actions she thought were discriminatory. The Department of Labor moved to dismiss, and Jackson responded by filing an affirmation that included more information but still did not provide many details that were important for her claims. On April 26, 2010, the district court filed an order dismissing the complaint, but allowing Jackson to file an amended complaint within thirty days and suggesting some of the facts that the district court thought Jackson ought to explain in such an amended complaint. Two days later, the district court clerk filed a document entitled "JUDGMENT" which repeated the conclusions of the April 26 order, including allowing thirty days to file an amended complaint, and which also came with a notice-of-appeal form. Jackson did not file an amended complaint. Instead, on May 26, 2010, Jackson used the form sent by the district court clerk to file a notice of appeal.

We do not have jurisdiction to hear this appeal. Generally, federal courts of appeals may hear cases only from "final decisions of the district courts." 28 U.S.C.

§ 1291. Most orders that dismiss complaints are appealable "final decisions." However, when such orders specifically allow a plaintiff to file an amended complaint, the orders usually are not final and therefore not appealable. See Elfenbein v. Gulf & W. Indus., Inc., 590 F.2d 445, 448 (2d Cir. 1978). Because the district court's order stated "that Jackson is granted leave to file an amended complaint within thirty (30) days," the order was not final.

We will often "treat a premature appeal from a judgment granting leave to amend as an appeal from a final judgment if the deadline for amendment has passed." Slayton v. Am. Express Co., 460 F.3d 215, 224 n.7 (2d Cir. 2006); see Festa v. Local 3 Int'l Bhd. of Elec. Workers, 905 F.2d 35, 37 (2d Cir. 1990). This practice is rooted in our cases that allow us to exercise jurisdiction where a party that has prematurely appealed expressly renounced any right to amend its complaint. See Kittay v. Kornstein, 230 F.3d 531, 541 n.8 (2d Cir. 2000); Conn. Nat'l Bank v. Fluor Corp., 808 F.2d 957, 960 (2d Cir. 1987).

Here, however, it is not clear that Jackson intended to appeal rather than to replead. She did not promise not to amend, and her appeal fell within the deadline approved by the district court to amend her complaint. As a *pro se* litigant unfamiliar with legal procedures, Jackson may in fact have filed this appeal in an attempt to amend it. The clerk sent Jackson a notice-of-appeal form but not (as far as we can tell) any form that she could use to file an amended complaint; Jackson might therefore have concluded that filing the notice of appeal was the way she was supposed to amend her complaint – especially given that the letter enclosing the notice-of-appeal form explained that it

3

needed to be filed within 30 days, the same amount of time that the April 26 order gave Jackson to file her amended complaint. Furthermore, the brief that Jackson filed with this Court reads more like a complaint than like a legal argument; the brief does not purport to identify a legal error in the district court's reasoning but instead sets forth an account of the facts that she contends entitle her to relief – including some facts not included in her district-court filings that the April 26 order told her should be included in any amended complaint. As a court of appeals, we cannot consider allegations that were not already raised in the district court, but such new allegations would be appropriate in an amended complaint.

We note that, due to the pendency of this appeal, the original thirty-day period for filing an amended complaint has now passed. In such situations, we have dismissed the appeal, returning the case to the district court and giving the plaintiff a renewed opportunity to file an amended complaint. See Kozemchak v. Ukranian Orthodox Church of Am., 443 F.2d 401, 402 (2d Cir. 1971). Accordingly, we dismiss the appeal for lack of jurisdiction due to the absence of a final order, without prejudice to Jackson's filing of an amended complaint within thirty days. If Jackson files an amended complaint, she should include as much relevant detail as possible, including the facts that she has added in the appellate brief that she filed in this Court, and she should consult the district court's April 26, 2010, order for guidance as to the types of further facts that, if true, should be alleged in her amended complaint.

4

For the foregoing reasons, the appeal is DISMISSED without prejudice to Jackson filing an amended complaint in the district court within thirty days after the issuance of this Court's mandate.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk