18-2805-cv
*Wilmington Sav. Fund Soc'y, FSB v. Belchou*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand nineteen.

PRESENT:  JOHN M. WALKER, JR.,
          JOSÉ A. CABRANES,
          ROBERT D. SACK,
                    *Circuit Judges.*

———————————————————————————

WILMINGTON SAVINGS FUND SOCIETY, FSB,
DBA CHRISTIANA TRUST, NOT INDIVIDUALLY
BUT AS TRUSTEE FOR CARLSBAD FUNDING
MORTGAGE TRUST,

              *Plaintiff-Appellant,*                    18-2805-cv

              v.

ANASTASIA BELCHOU, LOUIS C. BELCHOU,

              *Defendants-Appellees,*

PETER BELCHOU, JOHN DOE #1 THROUGH JOHN
DOE #10, INCLUSIVE THE NAMES OF THE TEN LAST

1

NAMES DEFENDANTS BEING FICTITIOUS, REAL
NAMES UNKNOWN TO THE PLAINTIFF, THE PARTIES
INTENDED BEING PERSONS OR CORPORATIONS
HAVING AN INTEREST IN, OR TENANTS OR PERSONS
IN POSSESSION OF, PORTIONS OF THE MORTGAGED
PREMISES,

*Defendants.*

---

**FOR PLAINTIFF-APPELLANT:**   JOHN E. BRIGANDI, Knuckles, Komosinski & Manfro, LLP, Woodcliff Lake, NJ.

**FOR DEFENDANT-APPELLEE
ANASTASIA BELCHOU:**   Martin L. Posner, Brewster, NY.

**FOR DEFENDANT-APPELLEE
LOUIS C. BELCHOU:**   JONATHAN NELSON, Dorf & Nelson LLP, Rye, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 22, 2018 order of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Wilmington Savings Fund Society, FSB, DBA Christiana Trust, not Individually but as Trustee for Carlsbad Funding Mortgage Trust ("Plaintiff"), appeals from an order of the District Court dismissing its action seeking to foreclose on certain mortgages held by Defendants-Appellees Anastasia Belchou and Louis C. Belchou ("Defendants").[1] To successfully

---

[1] The District Court granted Plaintiff one week in which to submit a letter describing any putative amendments to the complaint, and appears to have extended that deadline, but Plaintiff ultimately disclaimed any intent to amend. *See Wilmington Sav. Fund Soc'y, FSB v. Belchou*, No. 7:17-cv-2012, Dkt. No. 65 (S.D.N.Y. Oct. 15, 2018). And while the District Court did not enter a final judgment, it directed the Clerk to close the case. *See id.*, Dkt. No. 66. In light of Plaintiff's disclaimer,

foreclose on the mortgages, Plaintiff was first required to expunge an allegedly erroneous "satisfaction" purporting to discharge Defendants' debt. The problem, as the District Court aptly recognized, is that Plaintiff did not seek to expunge the satisfaction until long after the six-year statute of limitations had run. *See* Defs.' App. 19–28 (discussing application of N.Y. C.P.L.R. 216(6)). The District Court therefore dismissed the action as untimely. *Id.* at 23, 28. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal, Plaintiff largely abandons the position it took before the District Court. And rather than contesting the District Court's conclusion directly, Plaintiff seeks to circumvent it altogether by, in effect, modifying the allegations and claims in its own complaint. Specifically, Plaintiff now argues that it seeks to foreclose not on the original mortgages subject to the satisfaction but a new obligation created pursuant to an Extension and Modification Agreement ("EMA") executed shortly before, but not mentioned in, the satisfaction.

In advancing this position, Plaintiff faces three obstacles. *First*, it is well-established that "an appellate court [ordinarily] will not consider an issue raised for the first time on appeal." *Spinelli v. Nat'l Football League*, 903 F.3d 185, 198 (2d Cir. 2018) (internal quotation mark omitted). Though we can exercise our discretion to do so in certain limited circumstances, *see id.*, Plaintiff has not so much as attempted to show that such circumstances are present here.

*Second*, even if we were to consider Plaintiff's new argument, it appears unlikely to succeed on the merits. As a general matter, a consolidation agreement "is not deemed a mortgage" if "it does not add to the charge already imposed upon the realty by the existing mortgages." 1 D. Kirk Drussel et al., *Mortgages and Mortgage Foreclosure in New York* § 17:13 (2018). Such an agreement might establish an independent obligation if it "creates a lien upon property not originally covered by the prior instrument," *id.*, but even then "the first notes and mortgages still exist," *Benson v. Deutsche Bank Nat'l Tr., Inc.*, 970 N.Y.S.2d 794, 797 (2d Dep't 2013). Though it appears that parties can contract around this general rule, they must do so clearly. *Bechard v. Monty's Bay Recreation, Inc.*, 11 N.Y.S.3d 695, 696 (3d Dep't 2015) ("[A] subsequent note does not discharge the original indebtedness secured unless there is an express agreement between the parties." (internal quotation marks omitted)). The agreement at issue here—a largely unmodified "Fannie Mae/Freddie Mac UNIFORM INSTRUMENT," J.A. 76—is far from clear on this score. Indeed, it appears much more likely that

---

the District Court's order, and the fact that any deadline to amend has surely passed, this Court retains jurisdiction. *See Connecticut Nat'l Bank v. Fluor Corp.*, 808 F.2d 957, 960 (2d Cir. 1987) ("[D]isclaimer of intent to amend effectively cures the nonfinal character of the judgment from which the appeal has been taken."); *Festa v. Local 3 Int'l Bhd. of Elec. Workers*, 905 F.2d 35, 37 (2d Cir. 1990) (holding that where "the deadline imposed by the district court for amendment has passed, we will treat the present appeal as having been timely filed after the dismissal by the district court became final").

its purpose is merely to ensure that the various consolidated mortgages have identical terms, not to extinguish them and create a new, separate debt obligation.

*Finally*, even assuming Plaintiff is right on the law, the complaint's allegations simply do not support its position. Plaintiff does not allege that the EMA discharged the prior mortgages, nor that it created a distinct new obligation. *See* J.A. 9–20. And the complaint's terms suggest that Plaintiff seeks to foreclose on multiple mortgages, not simply the one it now claims the EMA created. *See, e.g.*, J.A. 15 (alleging that "pursuant to the acceleration provisions of [the] *notes* and *mortgages* as consolidated and modified, the Plaintiff has elected and does elect that the whole of the principal sum secured hereby become immediately due and payable" (emphasis added)). It is also difficult to reconcile Plaintiff's new theory with its attempt to expunge the allegedly erroneous satisfaction. If, as Plaintiff now claims, the EMA created a new mortgage not subject to the satisfaction, then Plaintiff's attempt to expunge the same would be wholly superfluous.

In sum, we reject Plaintiff's attempt on appeal to transfigure its claims into something that barely resembles the action it initially filed. And because Plaintiff has failed to challenge any of the other bases for the District Court's decision, we see no basis on which to disturb its conclusion.

**CONCLUSION**

We have reviewed all of the arguments raised by Plaintiff on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the August 22, 2018 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4