10-260-cv
Kings Choice Neckwear, Inc. v. Pitney Bowes, Inc., et. al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15ᵗʰ day of October, two thousand and ten.

PRESENT:

> DENNIS JACOBS,
> > *Chief Judge.*
> JOHN M. WALKER, JR.,
> JOSÉ A. CABRANES,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
KINGS CHOICE NECKWEAR, INC., ON BEHALF OF ITSELF AND
ALL OTHERS SIMILARLY SITUATED,

> *Plaintiff-Appellant,*

> v.                                          No. 10-260-cv

PITNEY BOWES, INC., PITNEY BOWES CREDIT CORPORATION, AND PITNEY BOWES GLOBAL
FINANCIAL SERVICES, L.L.C.,

> *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**          JEREMY HEISLER (Steven Wittels, Andrew
                                       Melzer, Tushar Sheth, *of counsel*), Sanford
                                       Wittels & Heisler, LLP, New York, NY.

**FOR DEFENDANTS-APPELLEES:** JONATHAN K. COOPERMAN (James E. Nealon, *of counsel*), Kelley Drye & Warren LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise Cote, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Kings Choice Neckwear ("plaintiff") appeals from a December 23, 2009 memorandum and order dismissing under Federal Rule of Civil Procedure 12(b)(6) its class action suit against defendants-appellees Pitney Bowes , Inc., Pitney Bowes Credit Corporation, and Pitney Bowes Global Financial Services, L.L.C. (jointly, "defendants"). Plaintiff claims that the "equipment return fee" included in contracts between defendants and the putative class resulted in a breach of contract; a breach of the covenant of good faith and fair dealing; unjust enrichment; and a violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a–110q. We assume the parties' familiarity with the facts and procedural history of this action.

We review *de novo* a district court's dismissal of an action for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6), assuming all well-pleaded, nonconclusory factual allegations in the complaint to be true. *See generally Ashcroft v. Iqbal*, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009); *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009).

On the merits, we agree with the District Court's reasoning and its conclusion that the case be dismissed for failure to state a claim.[1] We affirm the judgment of the District Court disposing of all claims.

---

[1] To reach the merits of this case, the District Court assumed "hypothetical jurisdiction." *King's [sic] Choice Neckwear, Inc. v. Pitney Bowes, Inc.*, No. 09-CIV-3980, 2009 WL 5033960, at *2 (S.D.N.Y. Dec. 23, 2009). However, "[h]ypothetical jurisdiction produces nothing more than a hypothetical judgment—which comes to the same thing as an advisory opinion, disapproved by [the Supreme] Court from the beginning." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998) ("[B]oth statutory and (especially) constitutional elements of jurisdiction are an essential ingredient of separation and equilibration of powers."); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-85 (1999) ("[S]ubject-matter jurisdiction necessarily precedes a ruling on the merits."). Nevertheless, we have jurisdiction in this case pursuant to the Class Action Fairness Act. 28 U.S.C. § 1332(d)(2). Kings Choice is diverse from Pitney Bowes, and it pleads over the $5 million amount-in-controversy threshold (barely).

## CONCLUSION

The judgment of the District Court as to all claims is **AFFIRMED**.


FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court