SIKAREVICH FAMILY L.P., Plaintiff,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY, Defendant.

No. 13–cv–05564 (NG)(RLM).

United States District Court, E.D. New York.

Signed July 2, 2014.

Filed July 3, 2014.

---

· Aaron Morris Schlossberg, The Law Office of Aaron M. Schlossberg, P.C., New York, NY, for Plaintiff.

Andrew Hal Lesnever, Denise M. Marra, Carroll McNulty & Kull LLC, Basking Ridge, NJ, for Defendant.

## OPINION & ORDER

GERSHON, District Judge.

This action concerns coverage for damage to property caused by Hurricane Sandy under an insurance policy that defendant Nationwide Mutual Insurance Company issued to plaintiff Sikarevich Family L.P. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant moves to dismiss certain claims and requests for damages.

## BACKGROUND

### 1. Factual Background [1]

Plaintiff owns commercial property located at 4078 Nostrand Avenue in Brooklyn, New York. Defendant issued plaintiff a commercial general liability and commercial property insurance policy, which was in effect from October 12, 2012 through October 12, 2013 (the "Policy"). Plaintiff paid all Policy premiums. In late October 2012, plaintiff suffered "loss of business income and damages and repairs made to electrical systems, boilers, flooring, fixtures, machinery, and equipment." Amended Complaint ¶ 10 [ECF No. 18]. Plaintiff attributes the causes of the damage, "[u]pon information and belief," to "among other things, wind, vandalism, and water," with "some cause(s) result[ing] in portions of plaintiff s damages and other cause(s) result[ing] in other portions." *Id.* ¶¶ 12, 16. Plaintiff promptly submitted a claim for coverage, but defendant "engaged in bad faith and failed to investigate and valuate plaintiff's claim for coverage." *Id.* ¶¶ 38, 60, 64. In a letter dated November 17, 2012, defendant completely denied plaintiff's claim (the "Denial Letter"), explaining that "it appears that your loss was caused by flood, storm surge, water or water-borne material, which is not covered under your policy." [2] Affirmation of Aaron M. Schlossberg in Opposition, Ex. F at 1 [ECF No. 75–6]. Plaintiff contends that the Policy's terms obligate defendant to provide coverage.

### 2. Procedural History

On September 5, 2013, plaintiff filed an action in New York State Supreme Court, Kings County, and defendant removed the case to this court on October 8, 2013. The Amended Complaint brings claims for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) unjust enrichment. It seeks (1) a declaratory judgment that Nationwide must provide coverage under the policy; (2) a declaratory judgment specifying that plaintiff is to receive not less than $250,000 plus consequential damages; (3) $250,000 plus consequential damages; (4) punitive damages of not less than $1,000,000; and (5) costs, expenses, disbursements, attorneys' fees, and interest.

On January 15, 2014, this action was designated a Hurricane Sandy case in accordance with Eastern District Administrative Order 14–03, presided over by Magistrate Judges Cheryl L. Pollak, Gary Brown, and Ramon E. Reyes (the "Committee"), and is therefore subject to orders governing those cases. The Committee issued Case Management Order No. 1 ("CMO 1") on February 21, 2014, directing plaintiff, *inter alia*, to "voluntarily withdraw" "state law claims alleging bad faith or negligent claims handling, certain forms of relief, such as punitive damages, treble damages, and/or attorneys' fees, and requests for jury trial," or to "submit a letter ..., explaining the legal basis for continu-

---

**1.** The following allegations of fact are taken from the Amended Complaint.

**2.** There is no dispute that the Policy and the Denial Letter are properly before the court on this motion to dismiss. *See Holloway v. King,* 161 Fed.Appx. 122, 124 (2d Cir.2005).

ing to pursue such claims in any particular action." CMO 1 at 5–6 [ECF No. 46]. Plaintiff submitted a letter on March 7, 2014, declining to withdraw any claims or requests for relief.

On May 30, 2014, defendant moved to dismiss plaintiff's claims alleging breach of the implied covenant of good faith and fair dealing and unjust enrichment, its requests for declaratory judgment relating to those claims, its requests for consequential and punitive damages, and any claims or requests for relief with respect to bad faith allegations.[3]

The Committee issued a Report & Recommendation and an Order Amending the Report & Recommendation (together, the "R & R"), appearing on the docket on June 5, 2014 and June 16, 2014, respectively. Citing prior decisions from Hurricane Sandy cases pending in this district, the Committee recommended the dismissal of certain state law claims and requests for relief which are not cognizable in New York. Referring to arguments set forth in its March 7, 2014 letter and opposition to defendant's motion to dismiss, plaintiff filed objections to the R & R. The court has considered all materials relevant to the motion to dismiss, including the R & R and the objections to it.

## DISCUSSION

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court accepts as true all well-pleaded factual allegations and draws all inferences in the plaintiff's favor. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir.2006). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678, 129 S.Ct. 1937. Though a plaintiff need not include "'detailed factual allegations,'" a pleading offering "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. 1955).

### 1. Breach of the Covenant of Good Faith and Fair Dealing

"Under New York law, parties to an express contract are bound by an implied duty of good faith, but breach of that duty is merely a breach of the underlying contract."[4] *Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 80 (2d Cir.2002) (internal quotation marks and citation omitted); *New York Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 319–20, 639 N.Y.S.2d 283, 662 N.E.2d 763 (1995). New York courts do "not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled," and "the latter claim" should "be dismissed as redundant." *Funk v. Allstate Ins. Co.*, 2013 WL 6537031, at *4 (E.D.N.Y. Dec. 13, 2013) (internal quotation marks and citations omitted) (dismissing claim in insurance coverage context); *433 Main St. Realty, LLC v. Darwin Nat. Assur. Co.*, 2014 WL 1622103, at *2 (E.D.N.Y. Apr. 22,

---

**3.** Although defendant also asked the court to address any other relevant issues addressed in CMO 1, the court declines to address issues not raised explicitly in the motion to dismiss.

**4.** The parties do not dispute that New York law applies. Plaintiff and its property are located in New York, and its damages were suffered here.

2014) (same); *Dufficy v. Nationwide Mut. Fire Ins. Co.,* 2013 WL 6248529, at *2 (E.D.N.Y. Dec. 2, 2013) (same).

■ "[N]or does [New York] recognize an independent cause of action for bad faith denial of insurance coverage." *Woodhams v. Allstate Fire & Cas. Co.,* 748 F.Supp.2d 211, 223 (S.D.N.Y.2010) (internal quotation marks and citation omitted); *United Capital Corp. v. Travelers Indent. Co. of Illinois,* 237 F.Supp.2d 270, 277 (E.D.N.Y.2002) ("Under New York law, no independent tort claim exists for the bad faith denial of insurance coverage."). Like good faith and fair dealing claims, a claim for "bad faith denial of coverage . . . would be duplicative of a claim sounding in breach of contract." *Goldmark, Inc. v. Catlin Syndicate Ltd.,* 2011 WL 743568, at *4 (E.D.N.Y. Feb. 24, 2011).

■ In support of its good faith and fair dealing claim, plaintiff alleges the following: "In addition to failing to provide coverage to the plaintiff under the Policy, upon information and belief [Nationwide] engaged in bad faith and failed to investigate and valuate plaintiff's claims for coverage," and issued a "bad faith denial of coverage to plaintiff." Amended Complaint ¶¶ 38, 60, 64, 65 [ECF No. 18]. "In paying Policy premiums to defendant, plaintiff expected and was entitled to peace of mind and comfort in knowing that it would be promptly compensated pursuant to the terms of the Policy in the event of a catastrophe akin to the one involved in this matter." *Id.* ¶ 61. "In bad faith, [Nationwide] grossly disregarded its obligations

under the Policy," and "exhibited deliberate and reckless indifference to Sikarevich's interests under the Policy and has failed to place Sikarevich's interests on equal footing with its own in considering Sikarevich's claims for coverage," despite being obligated to engage with plaintiff in good faith. *Id.* ¶¶ 62–63, 66–67.

Plaintiff argues that its good faith and fair dealing claim is somehow distinct from its breach of contract claim, but, as with that claim, defendant's decision to deny plaintiff coverage is the crux of plaintiff's bad faith allegations. That is, the same facts, regarding defendant's compliance with its contractual obligations, give rise to both claims. Plaintiff's complaints of "delay and lack of investigation address the same ultimate grievance of failure to comply with the agreement."[5] *Cnty. of Orange v. Travelers Indem. Co.,* 2014 WL 1998240, at *3 (S.D.N.Y. May 14, 2014) (good faith and fair dealing claim based on allegations regarding insurer's claim investigation was duplicative of breach of contract claim); *Wells Fargo Bank, Nat. Ass'n v. Conestoga Title Ins. Co.,* 41 Misc.3d 1240(A), at *3, 2013 WL 6583958 (Sup.Ct. Kings Cnty.2013) (same); *Funk,* 2013 WL 6537031, at *3–*4 (same); *see also New York Univ.,* 87 N.Y.2d at 319, 639 N.Y.S.2d 283, 662 N.E.2d 763 (plaintiff's argument that defendant's investigation "provided an inadequate basis for defendants to deny plaintiff's claim" "does not state a tort claim, it merely raises a question for the fact finder determining the breach of contract claim"). Plaintiff's

---

5. Plaintiff's brief presents additional facts about defendant's investigation based on documents attached as exhibits to the brief, including an unofficial transcript of the claim representative's interview of Mr. Sikarevich, an email exchange containing the claim representative's assessment, and the claim representative's written evaluation showing an itemized estimate. Upon the record before the court, it is not clear if plaintiff "possessed or knew about" these documents and "relied [upon them] in bringing the suit." *Rothman v. Gregor,* 220 F.3d 81, 88 (2d Cir.2000). In any event, it would be futile for plaintiff to amend its complaint to include these facts because they would not alter the court's conclusion about the duplicative nature of the claim.

claim for breach of the implied covenant of good faith and fair dealing is dismissed, as are requests for declaratory judgment, consequential, and punitive damages related to this claim.[6]

## 2. Unjust Enrichment

■■ A plaintiff cannot "recover in quasi contract where the parties have a valid, enforceable contract that governs the same subject matter as the claim for quantum meruit." *4Kids Entm't, Inc. v. Upper Deck Co.*, 797 F.Supp.2d 236, 248–49 (S.D.N.Y.2011) (dismissing unjust enrichment claim *sua sponte* where parties expressly agreed to be bound by contract); *Clark–Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 388–89, 521 N.Y.S.2d 653, 516 N.E.2d 190 (1987) (affirming dismissal of unjust enrichment claim where parties did not dispute contract's validity). "New York permits the alternative pleading of breach of contract and unjust enrichment claims—and the survival of both claims at the motion to dismiss stage—where there is a bona fide dispute as to the existence of a contract or where the contract does not cover the dispute in issue." *Icebox–Scoops v. Finanz St. Honore, B.V.*, 676 F.Supp.2d 100, 114 (E.D.N.Y.2009) (internal quotation marks and citation omitted) (dismissing unjust enrichment claim); *King's Choice Neckwear, Inc. v. Pitney Bowes, Inc.*, 2009 WL 5033960, at *7 (S.D.N.Y. Dec. 23, 2009) *aff'd sub nom. Kings Choice Neckwear, Inc. v. Pitney Bowes, Inc.*, 396 Fed.Appx. 736 (2d Cir.2010) ("Unjust enrichment may be ple[ ]d in the alternative where the plaintiff challenges the validity of the contract; it may not be plead in the alternative alongside a claim that the defendant breached an enforceable contract.").

■■ Here, the parties do not dispute the existence of the Policy. Moreover, plaintiff's unjust enrichment claim directly flows from the Policy. Plaintiff alleges that defendant "breached the terms of the Policy and other duties and refuses to compensate Sikarevich per the terms of the Policy," and that, "[b]y accepting payments of the Policy premiums from Sikarevich and subsequently wrongfully denying coverage thereunder, [defendant] has reaped and continues to reap significant and immense benefits, including, but not limited to, substantial income and revenue." Amended Complaint ¶¶ 74–75 [ECF No. 18]. The Policy is central to plaintiff's unjust enrichment theory: Plaintiff argues that Nationwide was unjustly enriched because plaintiff paid premiums pursuant to the Policy's terms, but defendant did not provide it coverage as the Policy required. Therefore, plaintiff cannot plead its unjust enrichment claim in the alternative to its breach of contract claim. Plaintiff's unjust enrichment claim and requests for declaratory judgment, consequential damages, and punitive damages related to the claim are therefore dismissed.

## 3. Consequential Damages Related to Breach of Contract Claim

■■ Although plaintiff's claim for breach of the implied covenant of good faith and fair dealing cannot stand because it is duplicative of plaintiff s breach of contract claim, plaintiff may be entitled to consequential damages on its breach of contract claim, beyond the limits of its Policy, based on bad faith. *See Acquista v. New York Life Ins. Co.*, 285 A.D.2d 73, 82, 730 N.Y.S.2d 272 (1st Dep't 2001) (claim alleging insurer's bad faith conduct cannot stand as a distinct

---

**6.** Since the court rests its decision on the claims' duplicative nature, it does not address the argument that plaintiff has not set forth sufficient non-conclusory factual allegations supporting its good faith and fair dealing claim.

tort claim, but "may be employed to interpose a claim for consequential damages beyond the limits of the policy for the claim breach of contract."). "This Circuit has consistently held ... that consequential damages are permitted when they derive from an insurer's bad faith refusal to pay an insured's claim and such damages were reasonably contemplated by both parties at the time of the contract's execution." *Goldmark*, 2011 WL 743568, at \*3; *Bi–Econ. Mkt., Inc. v. Harleysville Ins. Co. of New York*, 10 N.Y.3d 187, 195, 856 N.Y.S.2d 505, 886 N.E.2d 127 (2008) (claim seeking consequential damages for ongoing business interruption should survive summary judgment because "[w]hen an insured ... suffers additional damages as a result of an insurer's excessive delay or improper denial, the insurance company should stand liable for these damages. This is not to punish the insurer, but to give the insured its bargained-for benefit."). To determine whether consequential damages were reasonably contemplated by the parties, courts look to "the nature, purpose and particular circumstances of the contract known by the parties as well as ... what liability the defendant fairly may be supposed to have assumed consciously, or to have warranted the plaintiff reasonably to suppose that it assumed, when the contract was made." *Bi–Econ.*, 10 N.Y.3d at 193, 856 N.Y.S.2d 505, 886 N.E.2d 127 (internal quotation marks and citation omitted).

 Here, the allegations of the Amended Complaint are sufficient to support plaintiff's demand for consequential damages. Plaintiff alleges it suffered "loss of business income" as a result of defendant's failure to pay its insurance claim. Amended Complaint ¶ 10 [ECF No. 18]. As noted above, plaintiff alleges that defendant denied its insurance claim in bad faith, mainly by failing to investigate and value plaintiff's claim. Plaintiff further alleges that "[t]he damages sustained by the plaintiff as a result of [Nationwide's] wrongful conduct were within the contemplation of the parties herein as the natural probable result of a breach of [Nationwide's] duties at the time of or prior to the parties renewing the Policy on or about October 12, 2012." *Id.* ¶ 71. It remains to be proven whether plaintiff's allegations are true, and whether the damages are attributable to any alleged breach. However, for the purposes of a Rule 12(b)(6) motion, the court must takes plaintiff's allegations as true and draw all reasonable inferences in its favor. Therefore, the court declines to dismiss plaintiff's request for consequential damages in connection with its breach of contract claim.

Most of the allegations supporting plaintiff's request for consequential damages appear under plaintiff's breach of good faith and fair dealing claim, which is being dismissed. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the court grants plaintiff leave to amend its breach of contract claim to assert these allegations with respect to that claim.

### 4. Punitive Damages Related to Breach of Contract Claim

 "[D]amages arising from the breach of a contract will ordinarily be limited to the contract damages necessary to redress the private wrong, but ... punitive damages may be recoverable if necessary to vindicate a public right." *New York Univ.*, 87 N.Y.2d at 315, 639 N.Y.S.2d 283, 662 N.E.2d 763; *Rocanova v. Equitable Life Assur. Socy.*, 83 N.Y.2d 603, 613, 612 N.Y.S.2d 339, 634 N.E.2d 940 (1994). To state a claim for punitive damages where the claim arises from a breach of contract, a plaintiff must plead: "(1) defendant's conduct [is] actionable as an inde-

pendent tort; (2) the tortious conduct [is] of [an] egregious nature . . .; (3) the egregious conduct [is] directed to plaintiff; and (4) it [is] part of a pattern directed at the public generally." *New York Univ.,* 87 N.Y.2d at 316, 639 N.Y.S.2d 283, 662 N.E.2d 763; *TVT Records v. Island·Def Jam Music Grp.,* 412 F.3d 82, 93 n. 10 (2d Cir.2005) (applying four-factor test). "To the extent that some courts have found meeting the 'public harm' requirement unnecessary, the Second Circuit (whose rulings bind this court) has concluded that they are against the weight of authority on the issue." *Mayline Enters., Inc. v. Milea Truck Sales Corp.,* 641 F.Supp.2d 304, 311 (S.D.N.Y.2009) (citing *TVT Records,* 412 F.3d at 94 & n. 12).

Under the four-factor test, a court's "threshold task" is to "identify a tort independent of the contract." *New York Univ.,* 87 N.Y.2d at 316, 639 N.Y.S.2d 283, 662 N.E.2d 763. In *New York University,* the Court of Appeals held that, where a good faith and fair dealing claim premised on "failing to adequately investigate," "denying payment of the claim," and "failing to renew the policy after assertion of the claim" was duplicative of plaintiff's breach of contract claim, "the use of familiar tort language in the pleading does not change the cause of action to a tort claim in the absence of an underlying tort duty sufficient to support a claim for punitive damages." *Id.* at 319–20, 639 N.Y.S.2d 283, 662 N.E.2d 763. Similar to the plaintiff in *New York University,* plaintiff has failed to plead that defendant's conduct is actionable as a tort which is independent of the asserted breach of contract. Therefore, plaintiff does not state a claim for punitive damages. *See TVT Records,* 412 F.3d at 93 n. 10 (dismissal of tort claims necessarily means conduct was not "actionable as an independent tort"); *Ebrahimian v. Nationwide Mut. Fire Ins. Co.,* 960 F.Supp.2d 405, 418 (E.D.N.Y.2013) (same); *Logan v. Empire Blue Cross & Blue Shield,* 275 A.D.2d 187, 194, 714 N.Y.S.2d 119 (2d Dep't 2000) (same).

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted in part and denied in part. The motion is GRANTED as to plaintiff's claims for unjust enrichment and breach of the implied covenant of good faith and fair dealing; requests for declaratory judgment and consequential damages related to those two claims; and all requests for punitive damages. The motion is DENIED as to plaintiff's request for consequential damages related to plaintiff's breach of contract claim based on alleged bad faith.

Plaintiff is GRANTED leave to amend its complaint solely for the purpose addressed herein, and shall do so by July 16, 2014.

**SO ORDERED.**